673 S.W.2d 512 (1983)
In re Anne Marie O'Donohue ROCKWELL.
James Pickens DAVIS, Appellant,
v.
Barbara Sims ARTHUR, Appellee.
Court of Appeals of Tennessee, Western Section, at Knoxville.
August 16, 1983.
Rehearing Denied September 2, 1983.
Permission to Appeal Denied September 19, 1983.
Permission to Rehear Denied July 23, 1984.
*513 James Pickens Davis, pro se.
Barbara Sims Arthur, pro se.
Permission to Appeal Denied by Supreme Court September 19, 1983.
Permission to Rehear Denied by Supreme Court July 23, 1984.
HIGHERS, Judge.
This is an appeal from an order in the County Court of Hamilton County, Tennessee, wherein a conservator was appointed for Anne Marie O'Donohue Rockwell-Davis.
The petitioner in this case is Barbara Sims Arthur, an attorney who first represented Mrs. Rockwell in connection with another matter. Mr. Davis appeared pro se on his own behalf as a named defendant herein. The briefs allude to many matters outside the record which this Court cannot consider on appeal. We will confine our review to those matters contained in the record.
At the time the petition was brought on March 16, 1982, Mrs. Rockwell was eighty-three years of age. She is a beneficiary under the will of her sister, Alice Peckinpaugh, deceased, and is also the owner of a certificate of deposit in the amount of $10,000.00 held in her name and the name of Mary Frances Molaison, an adult daughter who is a resident of the State of Louisiana. It is alleged in the petition, and apparently uncontroverted, that the daughter "has no beneficial interest in the said funds," although she had been exercising control over them.
The petition further alleged that James Pickens Davis, age fifty-four, interfered in the affairs of Mrs. Rockwell "to the extent that she is unable to exercise control over them." It was further alleged that Davis "has sought to contract marriage with Anne Marie O'Donohue Rockwell." A copy of a marriage license issued in Catoosa County, Georgia, dated March 24, 1982, was filed and appears in the record showing a marriage between "James P. Davis, Jr. 54 and Annie O. Rockwell 55."
The County Court appointed W. Frank Brown, III, as guardian ad litem for Mrs. Rockwell-Davis. In the answer filed by the guardian ad litem it is stated that she "is of advanced age" and that "she has some physical weakness." With reference to allegations of undue influence by Mr. Davis it is said: "Mr. Davis has on numerous occasions threatened the Guardian ad Litem with suit if the Guardian ad Litem did not resign. Mr. Davis has tried to get Mrs. Rockwell-Davis to say things to the Guardian ad Litem, but she did not do so ... Mr. Davis has tried to keep the Guardian ad *514 Litem from talking privately with Mrs. Rockwell-Davis."
Various restraining orders and injunctions were issued against Davis during the proceedings restraining and enjoining him, among other things, from interfering with Mrs. Rockwell-Davis' medical appointments, private conversations, control over her funds, and from removing her from the jurisdiction of the court or concealing her pending the final outcome of the case.
By order of the County Court Mrs. Rockwell-Davis was examined by two physicians who each filed affidavits stating that she was "incapable of managing her own estate or protecting and caring for her person." Dr. David Conner further stated that his examination showed Mrs. Rockwell-Davis "exhibits early manifestations of chronic brain syndrome including memory loss and confusion." Dr. Phillipp C. Sottong made oath that "she is unable to deal with even simple arithmetical concepts, has misjudgment as to how she arrives at her conclusions, and has lost her discriminatory judgment regarding her errors."
The trial judge conducted a hearing pursuant to T.C.A. § 34-12-205 upon the sworn petition, answer of the guardian ad litem, certificates filed by Dr. Conner and Dr. Sottong, testimony of witnesses in open court, including the testimony of Mrs. Rockwell-Davis, and made a finding that Mrs. Rockwell-Davis "by reason of advanced age, physical incapacity, and mental weakness is not able to manage her financial affairs and that she requires a Conservator to preserve and manage her property." The court appointed W. Frank Brown, III, to serve as conservator and to exercise all the powers conferred by law and further authorized the conservator to inquire into the validity of the marriage between the ward and Davis. The conservator was specifically directed to dispense no funds for the support and maintenance of James Pickens Davis.
The issues raised by the briefs appear to be:
(1) Whether the County Court had subject-matter and in personam jurisdiction over the ward.
(2) Whether the petitioner, Barbara Sims Arthur, had standing to initiate the proceedings.
(3) Whether denial of a continuance of the hearing was an unconstitutional denial of the right to counsel.
(4) Whether any action by the conservator was stayed by filing notice of appeal.
(5) Whether the trial judge erred in appointing someone other than the husband of the ward as conservator.

I.
The issue of subject-matter jurisdiction is resolved by statute. T.C.A. § 34-12-203 provides:
If a person by reason of advanced age or physical incapacity or mental weakness is incapable of managing his own estate, the county court, or the probate court in those counties having such a court, of the county wherein such person resides may, upon the petition of such person or of one or more of his friends or relatives, appoint a conservator to have charge and management of the property of such person, and if the court deems it advisable, also to have charge and custody of the person subject to the direction of the appointing court.
The question of personal jurisdiction is answered by examination of the record which shows that a sworn petition was filed in the cause and that Mrs. Rockwell-Davis appeared and testified at the hearing. We are limited to documents filed in the cause since there is no transcript or statement of the evidence. It is clear from the statutory authority and from the record in this case that the County Court of Hamilton County had both subject-matter and in personam jurisdiction to hear and dispose of this matter.
The first issue raised by the appellant is found to be without merit.

*515 II.
The petition was brought by Barbara Sims Arthur "in the interests of Anne Marie O'Donohue Rockwell." In a paper filed by Mrs. Rockwell-Davis, dated the same day as her marriage, she states that Barbara Sims Arthur did not represent her "in any matter before the Court." The implication appears to be that Barbara Sims Arthur had represented her in some prior matter or matters. The statute provides that the petition may be brought by "one or more of his friends or relatives." Such language is understandably broad because the paramount concern is the welfare of the allegedly incapacitated individual. The word, friend, need not be construed as a social acquaintance or constant companion, but it may also embrace one who befriends or acts "in the interests" of the affected person. The comparable expression in the kindred Limited Guardianship Act is "any interested person." See T.C.A. XX-XX-XXX.
In Graham v. Thompson, 174 Tenn. 278, 125 S.W.2d 133, 135 (1939), the Court stated: "It will be observed that the principle suggested is that the Courts are not so much concerned with by whom the proceeding is brought, the best interests of the incompetent being the primary consideration."
We are of the opinion that the petitioner had standing under the broad terminology of the statute to institute proceedings for the appointment of a conservator to manage and protect the property of Mrs. Rockwell-Davis, and we find no merit in appellant's contention.

III.
The appellant avers that denial of a continuance to retain counsel was tantamount to an unconstitutional denial of right of counsel.
The Sixth Amendment right to counsel is limited by its terms to criminal prosecutions. There is no absolute right to counsel in a civil trial. Barish v. Metropolitan Government, Etc., 627 S.W.2d 953 (Tenn. App. 1981).
Trial courts have broad discretion in granting or denying continuances and the decision of the trial judge will not be set aside unless there is a clear showing of abuse. Barish v. Metropolitan Government, Etc., supra; Tipton v. Smith, 593 S.W.2d 298 (Tenn. App. 1979).
We find no error.

IV.
The appellant relies upon Rule 62.01 T.R.C.P., for the contention that all action by the conservator is stayed upon filing of the notice of appeal. The rule relates to stay of proceedings "to enforce a judgment." It does not apply to the acts of a conservator in the protection and management of the ward's estate.
In Walker v. Graves, 174 Tenn. 336, 125 S.W.2d 154, 156, (1939), suit was filed to set aside the appointment of a guardian. In discussing the issues in that case, the Court used language which we believe is applicable here. The Court stated:
In the first place, the ward is not deprived of his property by the appointment of a guardian. On the contrary, the step is taken to preserve it for him. It is to be held and kept for him by an appointee of the Court until such time as he may be able to care for it himself. No adverse relationship is involved or arises. No encumbrance, or sale or other alienation of his property is thereby authorized. What was said in Kurtz v. St. Paul & Duluth R. Co., 48 Minn. 339, 51 N.W. 221, 31 Am.St.Rep. 657 [1892], although guardianship of a minor was involved, is appropriate just here: "Notice of the hearing for such appointment is not a constitutional prerequisite to the jurisdiction to name a guardian. Appointing a guardian deprives no one of his property, and does not change or affect the title of it. Letters of guardianship are merely a commission which places the property of the ward in the care of an officer of the court as custodian, and in its effect is not essentially different from the appointment *516 of a receiver, or temporary administrator, a jurisdiction which can be, and frequently is exercised before service of any process. The matter of notice of an application for the appointment of a guardian is, therefore, purely a matter of statutory requirement. * * * My own opinion is that when it appears that the person or property was the subject of guardianship, and that the letters were issued by the proper probate court, as were the facts here, the letters of guardianship are not subject to collateral attack, but, like letters of administration, are conclusive evidence of the due appointment of the person therein named, until reversed on appeal, or revoked by the court which granted them. This is the rule in most jurisdictions; and the practical difficulties and embarrassments resulting from a different rule are very apparent." (Emphasis supplied).
By analogy we apply the foregoing principles to the appointment of a conservator as in the instant case. If a duly appointed conservator could not act pursuant to the direction and sound discretion of the appropriate court, the best interests of the ward would not be served.

V.
The final issue involves the question of priority or rank in the appointment of a conservator, that is, is there a conclusive or inflexible preference for the appointment of the spouse of the ward? We think not.
T.C.A. § 34-12-203 states simply that in proper circumstances the court may "appoint a conservator." In the Limited Guardianship Act it is provided that "any suitable person" may be appointed. T.C.A. § 34-12-109. Under Tennessee law no definite priority is established for the appointment of any particular person or relative, but the designation is left to the discretion of the court, the best interests of the ward being the paramount consideration. For discussion of "Priority and Preference in Appointment of Conservator or Guardian for an Incompetent," see 65 ALR3d 991. It is stated in 39 Am.Jur.2d, Guardian and Ward, § 27:
Subject to statutory restrictions, the selection of the person to be appointed guardian is a matter which is committed largely to the discretion of the appointing court, and an appellate court will interfere with the exercise of this discretion only in case of a clear abuse.
The circumstances of this case are unusual. There is a difference of some thirty years in the ages of appellant and the ward (although her age is falsely stated on the marriage license to be fifty-five). The appellant married the ward just eight days after the filing of the petition in this case. There was evidence before the court that the appellant exercised a strong influence over the ward and that he interfered with the right of others to confer privately with the ward. Considering all of these factors, we do not feel that the trial court abused its discretion in appointing a disinterested third party to act as conservator of the estate of Mrs. Rockwell-Davis.
Further, in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee. Wilson v. Hafley, 189 Tenn. 598, 226 S.W.2d 308 (1949); Kyritsis v. Vieron, 53 Tenn. App. 336, 382 S.W.2d 553 (1964).
The judgment of the trial court is therefore affirmed. Costs are adjudged against the appellant, James P. Davis.
NEARN, P.J. (W.S.), and CRAWFORD, J., concur.