IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

_____

| | |
|---|---|
| **JERRY CECIL WILLIAMS,** | From the Davidson County Circuit Court, No. 94D-4125 |
| Plaintiff/Counter-Defendant/ Appellant, | *AFFIRMED AND REMANDED* C.A. No. 01A01-9710-CV-00566 |
| Vs. | **FILED** **February 25, 1999** |
| **BLANCA NELIDA MELENDEZ WILLIAMS,** | James H. Drescher; Stokes & **Cecil Crowson, Jr.** Bartholomew, P.A. of Nashville **Appellate Court Clerk** For Appellee |
| Defendant/Counter-Plaintiff/ Third Party Plaintiff/Appellee, | Charles Watson Cross of Nashville For Appellant, Williams |
| **GLORIA HAY**, | John Ascione of Nashville |
| Third Party Defendant/Appellant, | For Appellant, Hay |

_____

*TOMLIN, Sp. J.*

This appeal stems from a lengthy divorce case filed initially by Jerry Cecil Williams (Husband) against Blanca D. M. Williams (Wife) in the Circuit Court of Davidson County. Husband charged Wife with inappropriate marital conduct as well as alleging the existence of irreconcilable differences. No Marital Dissolution Agreement was filed with the complaint or at any time thereafter. Wife filed an answer in essence denying all allegations of Husband's complaint, except that a divorce on the ground of irreconcilable differences would be possible, but then only if an MDA was agreed to and filed with this court. Wife filed a counter-complaint in which she alleged irreconcilable differences, cruel and inhuman treatment, inappropriate marital conduct, and the infliction of indignities to her person so as to render her condition intolerable. Wife also sought a temporary restraining order prohibiting Husband from harassing or threatening her in any way and at the same time prohibiting Husband from selling, mortgaging, removing, and otherwise dissipating the parties' real and personal property until the trial in the matter. Wife, in addition, sought alimony, attorney fees and expenses and civil damages. In addition to Husband's answer, there was also filed on his behalf a second amended complaint for divorce.

Having been permitted by court order, Wife filed suit against Gloria M. Hay (Hay) seeking to set aside fraudulent conveyances by Husband to Hay.

Following an extensive trial that took place over seven days that extended through several months, the trial court entered its final judgment of divorce, in which in the beginning

it made the following two findings of fact based upon the entire record:

> 1. The actions of the plaintiff (Husband) during discovery have made the trial of this case difficult.

> 2. The court has observed the demeanor of the witnesses and the manner in which evidence was presented and/or intentionally misstated or withheld, all of which has been duly noted by the court.

The court then awarded Wife an absolute divorce on the grounds of inappropriate marital conduct, adultery, and indignities to her person.

Pertaining to the division of property, the trial court held that the property of the parties in Germany, as well as Spain, was awarded to plaintiff, subject to any liens upon them. Wife was held harmless as to any liens. In addition, Wife was awarded one-half of the personal property disposed of by Husband. Wife was also awarded her military pension free and clear of any claim to this pension by Husband.

As a further property division, the court ordered Husband to pay Wife the sum of $125,000.00 in cash, representing one-half of their money that the court found Husband had brought into the United States through Ms. Hay. The court further declared that "Mr. Williams and Ms. Hay are witnesses that are not believable under oath. Therefore, the court finds specifically regarding those two that they are not credible witnesses."

To further protect the interest of Wife, the court secured judgments in favor of Wife by liens against real property that was held in the name of Ms. Hay as well as equipment and a laundry business established by Ms. Hay and Husband. The court also enjoined Ms. Hay and Husband from attempting to transfer or encumber these properties or any assets whatsoever prior to the sale thereof. Lastly, Husband was ordered to pay to counsel for Wife as attorney fees and expenses the sum of $46,646.00, to be secured by the liens previously mentioned.

As a result of Wife's motion, the trial court made the following additional findings of fact and conclusions of law, to be a part of the final judgment of divorce, *nunc pro tunc*. They are as follows:

> 1. Mr. and Mrs. Williams accumulated a substantial marital estate during the course of their marriage.

> 2. During the pendency of this divorce proceeding, Mr. Williams took active steps to dissipate the marital estate which included transferring marital assets to his lover, Ms. Gloria Hay. The transfer of assets by Mr. Williams to Ms. Hay was without

adequate consideration and rendered Mr. Williams insolvent. Further, these conveyances as to Mrs. Williams were fraudulent and Mr. Williams sought to defeat any claim she had for a fair and equitable share of marital assets in the divorce.

3. That much of the marital estate consisted of residential, rental, and commercial real property in Germany and Spain. Because of the conduct of Husband and the fact that the property lies beyond the jurisdiction of this court, it is difficult to ascertain the value of such property still owned by the parties.

4. Any and all marital assets conveyed by Mr. Williams to Ms. Gloria Hay are deemed to be a fraudulent conveyance of marital assets owned by Mrs. Williams.

This court therefore finds that the monies conveyed by Mr. Williams to Ms. Hay for the residence at 701 Rome Pike, Lebanon, Tennessee, and the equipment in the "Gloria Sunshine Laundry" constitutes fraud against the vested rights of Mrs. Williams in said property.

Husband and Ms. Hay perfected their respective appeals to the Middle Section of this Court. However, neither of the two appealing parties filed either a trial transcript or a statement of the evidence as required by Rule 24 (a)(b) and (c), Tenn.R.Civ.P. Rather, several months following the expiration of the time to file either the transcript or statement of the evidence, the appealing parties proceeded with their appeal on designated portions of the technical record, consisted of over sixty exhibits filed in the cause, along with copies of several depositions.

The following issues have been presented to this Court on appeal:

1. Whether the trial court erred in holding that Husband made fraudulent conveyances to Ms. Hay in order to defeat the claim of Wife;

2. Whether the trial court abused its discretion in the manner in which it divided the marital estate;

3. Whether the trial court abused its discretion in ordering Husband to pay to Wife some of her attorney fees and expenses.

4. Whether the trial court erred in ordering specific liens in favor of Wife against certain property;

5. Whether the trial court erred in denying Ms. Hay's motion for a more definite statement with regard to Wife's complaint alleging the fraudulent conveyance of marital property by Husband to Ms. Hay.

The scope of review of this Court on appeal is *de novo* upon the record in the trial court. All findings of fact by the trial court come to this Court with a presumption of correctness, and, absent an error of law, unless the preponderance of the evidence is otherwise, we must affirm

that finding. Rule 13 (d), T.R.A.P. *Newberry v. Newberry*, 493 S.W.2d 99, 101 (Tenn. App. 1973).

As this Court has already noted, in this nonjury trial the court below heard many days of testimony from almost a dozen witnesses. Notwithstanding this, neither of the appealing parties filed a transcript of the evidence or a statement of the evidence in accordance with the provisions of Rule 24, T.R.A.P.

It is clear from this record, that evidence in the form of witnesses were heard by the court. On the basis of that evidence, the court made its findings and conclusions. When the evidence heard by the trial court is not preserved by a certified transcript or statement of the evidence in accordance with the Rules of Appellate Procedure, it is presumed that there was evidence to support the ruling of the trial court. *Pickett v. Pickett*, 22 TAM, 2-18 (Tenn. App. 1966), citing *Scarborough v. Scarborough*, 752 S.W.2d 94 (Tenn. App. 1988). Furthermore, in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorable to the appellee. *In Re Rockwell*, 673 S.W.2d 512 (Tenn. App. 1983). Without a transcript of the evidence introduced in the court below, the facts found by the trial court are conclusively presumed to be correct. *J. C. Bradford & Co. v. Martin Const. Co.*, 576 S.W.2d 586 (Tenn. 1979).

With regard to the trial court's finding in this case to the effect that both Williams and Ms. Hay are not credible under oath and cannot be believed, such a finding by the trial court in a nonjury case is entitled to great weight where the trial court saw and heard the witnesses and observed their manner and demeanor on the witness stand, being in a much better position than the appellate court to judge the weight and value of their testimony. *Duncan v. Duncan*, 686 S.W.2d 568, 571 (Tenn. App. 1984); citing *Smith v. Hooper*, 59 Tenn. App. 167, 438 S.W.2d 765 (1968). Again, this finding by the trial court is presumed to be correct in the absence of any transcript of statement of the evidence.

As to the issue that the division of marital property was inequitable and constituted an abuse of discretion by the trial court, we respond by stating that trial courts are given wide discretion in dividing the interest of parties in jointly owned property. *Herrington v. Herrington,* 798 S.W.2d 244 (Tenn. App. 1990). The trial court's division will be given great weight on appeal. *Edwards v. Edwards*, 501 S.W.2d 283, 288 (Tenn. App. 1973). Such a

division of property will be presumed to be correct unless this Court finds the preponderance of the evidence to be otherwise. *Barnhill v. Barnhill*, 826 S.W.2d 443 (Tenn. App. 1991). Again, in the absence of either a transcript or statement of the evidence, we are prevented from reaching the merits of these issues and therefore must conclusively presume that the evidence presented to the trial court justified the action of that court. *In Re: Rockwell, supra.*

In regard to the contention by Ms. Hay that the trial court erred in overruling her motion for a definite statement with regard to Wife's allegations concerning fraudulent conveyances, a review of this counter-claim filed by Wife shows that it complied with the provisions of Tenn.R.Civ.P. 8.05. Ms. Hay's contention that she was accused of common law fraud and that such "fraud" needs to be paired with clarity is not well-taken. This issue is without merit.

As for the contention by the appealing parties that the trial court erred in placing liens on the residence and business equipment involved in this litigation, the Court found that there had been fraudulent conveyances between Husband and Ms. Hay, along with the finding of a complete absence of credibility of these parties as witnesses. By placing liens on this property, the court prevented Mr. Williams and Ms. Hay from disposing or further encumbering these assets. This is entirely proper under the circumstances, and there is no record available to refute this. For the same reasons we have asserted previously, under these circumstances we have no choice but to affirm.

Lastly, Wife contends that this appeal by Husband and Ms. Hay is a frivolous one and that she should be awarded attorney fees and expenses incurred by her in connection with her defense in this Court. In the opinion of this Court, if there ever was a case on appeal that was justified in being declared frivolous, it is this case. It should have been obvious, and likely was, in the beginning to any reasonable practitioner that on appeal this case had no possible chance for success under any reasonable grounds. To say that it lacks substance would be an understatement. Accordingly, this Court finds the appeal of the parties to be frivolous in accordance with the provisions of T.C.A. § 27-1-122 and *Dearin v. Dearin*, 9 TAM 42-19 (Tenn. App. 1984). This cause is remanded to the trial court which is respectfully directed to hold a hearing upon remand to ascertain the reasonable amount of attorney fees to be awarded counsel for Wife from and after the filing of the notice of appeal by Husband and Ms. Hay to and including the hearing in the trial court on this motion. In addition, the trial court is respectfully

directed to assess any reasonable costs properly assessable against Husband and Ms. Hay. Furthermore, costs in this cause on appeal shall be assessed jointly against Husband and Ms. Hay, for all of which of the above execution may issue, if necessary.

                             _____

                             **HEWITT P. TOMLIN, JR.**
                             **SPECIAL JUDGE**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**