# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 28, 2001

## LAURA MAYSHARK NICHOLS v. CRAIG ALAN NICHOLS

**Appeal from the Circuit Court for Washington County**
**No. 18062     G. Richard Johnson, Chancellor**

**FILED MARCH 29, 2001**

**No. E1999-2825-COA-R3-CV**

---

Craig Alan Nichols appeals the decree of the Trial Court which, among other things, granted his wife a divorce. All of the issues he raises are dependent upon a consideration of the facts introduced in evidence. Because we have no transcript or statement of the evidence we must conclusively presume the evidence presented justified the judgment of the Trial Court. We accordingly affirm the judgment pursuant to Rule 10(a) of this Court.

**Tenn.R.App.P.  3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Craig Alan Nichols, Appellant, *Pro Se*

Laura Mayshark Nichols, Appellee, *Pro Se*

## OPINION

Craig Alan Nichols, an inmate in a Penal Institution of this State, appeals a judgment rendered against him in a divorce case brought by his wife, Laura Mayshark Nichols. Mr. Nichols' appellate brief raises the following issues:

1.    Defendant's Counsel misunderstood his wishes concerning this matter. Defendant did not want a divorce, and wife was guilty of similar conduct. A person can't decide when is the best time to use a trump card, Plaintiff's actions in the two and one half years following the allegations show that she had resumed a marriage relationship with the Defendant.

2.    The Chancellor erred in the Final Decree For Absolute Divorce, by ruling the Court reserves the issues of child visitation and support. Defendants motion for

a New Trial or to Alter and Amend the findings, asking the court to set visitation for four hours once every three weeks.

3.    Awarding the Plaintiff alimony in solido, taking the Fifteen Thousand Dollars ($15,000.00) that Defendant contributed to the purchase of the home.

4.    Defendants personal property in Plaintiffs possession, Court did not hold Plaintiff financially responsible for personal property that she either sold or wanted to keep or destroyed.

Although both parties were represented by counsel in the Trial Court, no transcript or statement of the evidence was filed.  Consequently, we are unable to reach the merits of the issues raised, which are wholly dependent upon the facts adduced below, but must conclusively presume that the evidence presented justified the judgment of the Trial Court.  In re  Rockwell v. Arthur, 673 S.W.2d 512 (Tenn. Ct. App. 1983).

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below.  Costs of appeal are adjudged against Mr. Nichols.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE