IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 2, 2001 Session

## STATE OF TENNESSEE *EX REL* DEBORAH D. WARREN v. JAMES R. FERGUSON

**Direct Appeal from the Juvenile Court for Weakley County**
**No. 0285; The Honorable James H. Bradberry, Judge**

---

**No. W2000-02027-COA-R3-CV - Filed August 20, 2001**

---

This appeal involves a complaint to establish parentage and set child support. The court below ordered genetic testing, which proved that James R. Ferguson is the natural father of the children at issue. The court also entered a judgment of $8,623.00 for retroactive child support, $280.00 for the cost of genetic testing, and the court reserved the issue of current support until Mr. Ferguson is released from prison. We vacate the trial court's final order based on our conclusion that the trial court erred in failing to rule on Mr. Ferguson's Motion for the Appointment of Counsel, or alternatively, his request that the matter be held in abeyance until he is released from incarceration.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALEN E. GLENN, SP. J., joined.

James R. Ferguson, Tiptonville, *pro se*

Paul G. Summers, Attorney General and Reporter, Kim Beals, Assistant Attorney General, Nashville, for Appellee

**OPINION**

**Facts and Procedural History**

The Appellant in this case, James R. Ferguson (Mr. Ferguson), has been in the custody of the Tennessee Department of Correction and has been housed at the Northwest Correctional Complex in Tiptonville, Tennessee, at all times relevant to this appeal. The children at issue in this case, Jessica and Eric Ferguson, were born on November 15, 1986, and August 10, 1988, respectively. Deborah Warren (Ms. Warren) is the mother of the children at issue.

A Complaint to establish paternity was filed in Weakley County Juvenile Court on January 12, 2000, by the State of Tennessee on behalf of Ms. Warren. The Complaint sought to establish Mr. Ferguson as the natural father of the children. The Complaint also requested that current and retrospective support be set in accordance with the Tennessee Child Support Guidelines.

In November of 1999, Mr. Ferguson was required to submit to a DNA test despite his admissions that he was the natural father of the children. On April 17, 2000, the trial court issued an order requiring Ms. Warren and the children to submit to genetic testing. Mr. Ferguson's paternity was conclusively established by the DNA tests.

Mr. Ferguson filed a Motion to Dismiss and/or Defer Cost on May 9, 2000. On May 12, 2000, Mr. Ferguson filed a Motion for the Appointment of Counsel and a Petition for Writ of Habeas Corpus Ad Testificandum. Alternatively, Mr. Ferguson requested that the case be held in abeyance until his release from prison if the court denied his Motion to Appoint Counsel. On May 22, 2000, Mr. Ferguson filed for Appointment of Person for Written Deposition and a Petition for Continuance. On June 5, 2000, Mr. Ferguson filed a Motion for Summary Judgment and a brief in support of the Motion for Summary Judgment. On May 17, 2000, Mr. Troy Jones, a Youth Services Officer of the Weakley County Juvenile Court, informed Mr. Ferguson that his presence in court was not required, as current child support would be based on earnings at minimum wage and arrearages would accumulate during his incarceration. The State of Tennessee filed an answer to Mr. Ferguson's Motion for Summary Judgment in June of 2000, with the DNA results establishing paternity attached as exhibits. Mr. Ferguson responded and argued that he should be granted summary judgment since paternity was not disputed by the parties.

The case was heard on July 11, 2000. A default judgment was issued against Mr. Ferguson on July 17, 2000, because he failed to appear. The court found Mr. Ferguson to be the legal and natural father of the children. As a result, the court ordered retrospective child support in the amount of $8,623.00, which was the total amount of AFDC benefits received by Ms. Warren since November of 1986. The court reserved the issue of current child support until Mr. Ferguson is released from prison, but made the order appealed from a final order pursuant to T.R.Civ.P. 54.02. The court also ordered Mr. Ferguson to reimburse the State of Tennessee in the amount of $280.00 for the cost of genetic testing. Mr. Ferguson appeals, and raises the following issues, as we perceive them, for our review:

1) Whether the trial court erred in failing to grant Appellant's Motion for Summary Judgment.
2) Whether the trial court erred in failing to allow Appellant to defend the action.
3) Whether the trial court erred in allowing the Department of Children's Services to abuse its power.
4) Whether the trial court erred in granting a default judgment against the Appellant.
5) Whether the trial court erred in ordering the Appellant to reimburse the state for the cost of genetic testing.

**Standard of Review**

When a civil action is heard by a trial judge sitting without a jury, our review of the matter is *de novo* on the record, accompanied by a presumption of correctness of the findings below. See Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988); TENN. R. APP. P. 13(d). We may not reverse the findings of fact made by the trial judge unless they are contrary to the preponderance of the evidence. See Jahn v. Jahn, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). This presumption of correctness, however, does not attach to the trial judge's legal determinations or the trial court's conclusions that are based on undisputed facts. See NCNB Nat'l Bank v. Thrailkill, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993).

**Law and Analysis**

First, we address Mr. Ferguson's issues that allege that the trial court erred in not allowing him to defend the action and that the trial court erred in granting a default judgment against him. Specifically, we note that Mr. Ferguson filed a Motion for the Appointment of Counsel. It is clear that there is no absolute right to counsel in a civil trial. See Knight v. Knight, 11 S.W.3d 898, 900 (Tenn. Ct. App. 1999) (citing Lyon v. Lyon, 765 S.W.2d 759, 763 (Tenn. Ct. App. 1988); In re Rockwell, 673 S.W.2d 512, 515 (Tenn. Ct. App. 1983). However, in Mr. Ferguson's Motion for Appointment of Counsel, he alternatively requested that the matter be held in abeyance until he is released from incarceration. Mr. Ferguson also filed a Petition for Writ of Habeas Corpus Ad Testficandum, in which he requested that he be allowed to testify at the hearing. Additionally, Mr. Ferguson filed a Motion for Appointment of Person for Written Deposition. The trial court failed to consider or rule on these motions.

In Logan v. Winstead, 23 S.W.3d 297 (Tenn. 2000), Mr. Logan, an inmate who was acting *pro se*, brought a legal malpractice claim against his criminal defense attorney, Mr. Winstead. See id. at 299. Mr. Winstead filed a Motion for Summary Judgment supported by his own expert affidavit. See id. at 300. Mr. Logan filed a motion to hold the proceedings in abeyance until he was released from prison. See id. The trial court failed to rule on Mr. Logan's motion for abeyance and entered summary judgment in favor of Mr. Winstead. See id. The court of appeals upheld the trial court's decision. See id.

The Supreme Court granted Mr. Logan's petition to appeal to address the abeyance issue. See id. The court found that an incarcerated person has no absolute right to have civil proceedings stayed or be present during civil litigation. See id. at 300-01.[1] The court then set forth the following guidelines for determining when an abeyance should be granted:

> an abeyance should be granted by the trial court only when reasonable
> under the circumstances, in light of several countervailing

---

[1] The supreme court overruled Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975) to the extent that it may be read to stand for that proposition. See Logan, 23 S.W.3d at 301.

considerations, such as the length of the prisoner litigant's sentence, the difficulty of the prisoner in presenting proof, the burden on the court in maintaining a docket on which such claims will indefinitely remain, the impracticability of litigating a suit many years after its filing because memories fade and witnesses become difficult to locate, and a defendant's rights to have claims against him or her timely adjudicated.

Id. at 301. Concluding that the trial court erred by failing to rule on Mr. Logan's motion for abeyance, the court stated, "[a]ppellate review becomes more difficult without an order specifying reasons for a trial court's grant or denial of a motion. . . . [S]uch plaintiffs are entitled to have requests for abeyances considered and determined under the appropriate legal standards." Id. at 303. Since the trial court erred by failing to consider and rule on Mr. Logan's motion for abeyance, the court reversed the judgments of the trial court and the court of appeals and remanded the case for further proceedings. See id.

Likewise, in the instant case, the trial court failed to rule on Mr. Ferguson's requests for abeyance, continuance, or appointment of person for written deposition. Inasmuch as the trial court failed to render a specific ruling on Mr. Ferguson's pretrial motions, we vacate the court's final order, and we remand this cause for the trial court to consider Mr. Ferguson's request for an abeyance pursuant to the guidelines set forth in Logan. If, in its discretion, the trial court determines that an abeyance is not appropriate, the trial court may deny Mr. Ferguson's request for an abeyance and rule upon the case.

We also note that, on remand, the trial court should consider the other alternatives available to it, including, but not limited to, offering Mr. Ferguson the opportunity to testify by videotaped deposition, allowing Mr. Ferguson to participate in the hearing via telephone, conducting the hearing at a DOC facility, or providing Mr. Ferguson the opportunity to participate through the use of video communications technology. See Knight v. Knight, 11 S.W.3d 898, 906 (Tenn. Ct. App. 1999).

In light of our resolution of the abeyance issue, we decline to address Mr. Ferguson's remaining issues.

## Conclusion

For the foregoing reasons, we vacate the decision of the trial court and remand for further proceedings consistent with this opinion. Costs on appeal are taxed to the Appellee.

_____
ALAN E. HIGHERS, JUDGE

-4-