IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 1, 2010  Session

## IN RE CONSERVATORSHIP OF KARUBAH CARNAHAN

Appeal from the Chancery Court for Hamilton County
No. 09-G-128      W. Frank Brown, III, Chancellor

No. E2010-00102-COA-R3-CV - Filed March 9, 2011

In this conservatorship case, a daughter filed a petition asking the court to appoint her as the conservator of her father, who had experienced cognitive decline after a stroke and required full-time care in an inpatient facility.  The father's spouse protested the appointment of the daughter as the conservator and requested that a neutral third party be appointed instead.  After a hearing, the trial court determined that the daughter was the appropriate person to serve as conservator, and specifically enumerated the power to file for divorce on behalf of the ward to the conservator.  The spouse appeals.  We affirm.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

John P. Konvalinka and Katherine Higgason Lentz, Chattanooga, Tennessee, for the appellant, Helen Exum Carnahan.

C. Crews Townsend, William A. Harris, and A. Chantelle Roberson, Chattanooga, Tennessee, for the appellee, Misty L. Carnahan Guerry.

**OPINION**

**I.  FACTUAL BACKGROUND**

---

[1]Our first opinion in this case originally was filed on January 21, 2011.  Appellant thereafter filed a petition to rehear.  The petition to rehear contained a meritorious assertion.  Accordingly, we granted the petition, withdrew our original opinion and now submit this substitute opinion.

Misty L. Carnahan Guerry ("Conservator" or "Ms. Guerry") filed a petition to be appointed as the conservator of her father ("the Petition"). Her father, Karubah Carnahan ("the Ward"), suffered a stroke in February 2009, impairing his cognitive and physical abilities. He currently lives at Alexian Inn in Chattanooga, Tennessee, which is an inpatient facility with a medical staff.

In the Petition, Ms. Guerry alleged that the Ward was incapable of managing his own affairs and of making sound decisions for his personal health and well-being. At the time of filing the Petition, Ms. Guerry served as the Ward's agent pursuant to a power of attorney and durable power of attorney for health care. Ms. Guerry sought the appointment as the Ward's conservator in order to protect his estate. The Petition included a medical report by the Ward's primary physician, Dr. Kerry Friesen, and a consent form to the appointment of Ms. Guerry as conservator from the Ward's other daughter, Velma Carnahan Keplinger.

About six months before his stroke, the Ward married Helen Exum Carnahan ("Wife"). They lived together until a few weeks after the Ward's stroke. In response to the Petition, Wife filed a statement in favor of appointing a neutral third party as conservator and requested a continuance to conduct discovery.[2]

A hearing was held on October 20, 2009. The trial court denied Wife's motion for a continuance. After hearing the testimony of Ms. Guerry and Ms. Keplinger in addition to the medical report of Dr. Friesen, the trial court appointed Ms. Guerry as the Ward's conservator. The trial court found that Ms. Guerry was the appropriate person to serve as conservator and that she should be appointed "to protect the personal interests" of the Ward. The trial court also specifically enumerated the power to file for divorce on behalf of the Ward to Ms. Guerry. Thereafter, Wife filed a motion to alter or amend judgment and asked the court to reconsider enumerating the power to file for divorce to Ms. Guerry. The trial court denied the motion to alter or amend judgment. Wife then filed this timely appeal.

This court issued a previous opinion in this matter, *In re Conservatorship Carnahan,* in which we considered the Ward's affidavit in reaching a decision. Wife filed a petition to rehear and argued that it was improper for this court to consider the Ward's affidavit because it is hearsay. We agree. Nonetheless, after conducting another review of the record, we find that the evidence does not preponderate against the trial court's factual findings and supports the appointment of Ms. Guerry as the Ward's conservator.

## II. ISSUES

---

[2]At some point after the Ward's stroke, Wife filed a complaint for divorce and later dismissed it.

Wife raises the following issues on appeal, which we restate:

1. Whether the evidence supports the trial court's appointment of Conservator and enumeration of the power to file for divorce on behalf of the Ward.

2. Whether the trial court abused its discretion in denying Wife's motion for a continuance to permit discovery.

3. Whether the trial court abused its discretion in denying Wife's motion to alter or amend judgment.

Conservator raises two additional issues on appeal:

1. Whether Wife has standing to appeal the trial court's decision.

2. Whether Wife's appeal constitutes a frivolous appeal.

### III. STANDARD OF REVIEW

"[A] petition for the appointment of a conservator requires the lower court to make legal, factual, and discretionary determinations[,]" each of which requires a different standard of review. *Crumley v. Perdue*, No. 01-A-01-9704-CH00168, 1997 WL 691532, at *2 (Tenn. Ct. App. M.S., Nov. 7, 1997). On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000)). We review a trial court's conclusions of law under a de novo standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). We review discretionary determinations under an abuse of discretion standard. *Crumley*, 1997 WL 691532, at *2.

### IV. DISCUSSION

#### A. Standing

At the outset, we address Conservator's contention that Wife does not have standing to file an appeal.

The doctrine of standing invokes whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues. *American Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976)). Courts will forego deciding a controversy if the plaintiff is not "properly situated to prosecute the action" *see Knierim*, 542 S.W.2d at 808, and where the plaintiff has not "alleged a sufficiently personal stake in the outcome of the litigation to warrant a judicial resolution of the dispute." *See City of Brentwood v. Metropolitan Bd. of Zoning Appeals*, 149 S.W.3d 49, 55 (Tenn. Ct. App. 2004). To establish standing, the following three elements must be present: (1) a distinct and palable injury; (2) the challenged conduct caused the injury; and (3) the court is empowered to address that type of injury. *City of Chattanooga v. Davis*, 54 S.W.3d 248, 280 (Tenn. 2001); *Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767-68 (Tenn. Ct. App. 2002).

We disagree with Conservator's contentions concerning Wife's standing to participate in this appeal. As the Ward's spouse, Wife has a sufficient personal stake in the outcome of the conservatorship case. In Wife's view, the trial court enumerating Conservator with the power to file for a divorce on behalf of the Ward caused an injury to her. Because the trial court had jurisdiction to appoint a conservator in this case, it was the appropriate forum to challenge who would serve in that capacity. Thus, we find that Wife has standing to challenge the appointment of Conservator.

## B. Appointment of Conservator

Wife argues that the trial court erred in appointing Ms. Guerry as the conservator on behalf of the Ward because she failed to satisfy the burden of proof for a conservatorship case. Wife's primary contention focuses on the trial court's enumerating to Ms. Guerry the power to file a divorce on behalf of Ward. Wife asserts that there was a lack of evidence supporting the trial court's decision to enumerate such a power.

A conservator holds a fiduciary position of trust of the highest and most sacred character. *Grahl v. Davis*, 971 S.W.2d 373, 377 (Tenn. 1998) (citing *Meloy v. Nashville Trust Co.*, 149 S.W.2d 73 (Tenn. 1941)). To appoint a conservator under Tenn. Code Ann. § 34-3-103, the trial court must make two determinations: (1) what is in the best interest of the disabled person considering all relevant factors and (2) who, under the prioritized list, is the appropriate conservator. *Crumley*, 1997 WL 691532, at *3. Tenn. Code Ann. § 34-1-101(7) (2010) defines a "disabled person" as:

[A]ny person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection and assistance by reason of mental illness, physical illness or injury, developmental disability or other mental or physical incapacity.

In conservatorship cases, it is the petitioner's burden to prove by clear and convincing evidence that the proposed ward is a "disabled person." *In re Conservatorship of Groves*, 109 S.W.3d 317, 330 (Tenn. Ct. App. 2003). With this heightened standard of proof, the evidence should produce "a firm belief or conviction regarding the truth of the factual propositions sought to be established by the evidence" in the fact-finder's mind. *Id.* (quoting *Fruge v. Doe*, 952 S.W.2d 408, 412 (Tenn. 1997)).

Once the trial court finds that the proposed ward is "disabled" within the meaning of the statute, the court must determine if it is necessary to appoint a conservator on a full-time or part-time basis. *See In re Conservatorship of Trout*, No. W2008-01530-COA-R3-CV, 2009 WL 3321337, at *14 (Tenn. Ct. App. W.S., Oct. 15, 2009). After making such a finding, the trial court then "must specifically '[e]numerate the powers removed from the respondent and vested in the conservator.'" *Groves*, 109 S.W.3d at 331 (quoting Tenn. Code Ann. § 34-3-107(2)). "Any power not specifically vested in the conservator remains with the person for whom the conservator has been appointed." *Id.* When appointing a conservator, Tennessee law recognizes a priority of persons that a court shall consider in light of the best interests of the disabled person. *AmSouth Bank v. Cunningham*, 253 S.W.3d 636, 642 (Tenn. Ct. App. 2006) (citing *In re Rockwell*, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983)). Tenn. Code Ann. § 34-3-103 (2007) provides:

Subject to the court's determination of what is in the best interests of the disabled person, the court shall consider the following persons in the order listed for appointment of the conservator: (1) The person or persons designated in a writing signed by the alleged disabled person; (2) The spouse of the disabled person; (3) Any child of the disabled person; (4) Closest relative or relatives of the disabled person; and (5) Other person or persons.

In the instant case, it is undisputed that the Ward is disabled and is in need of a conservator. From our review of the record, the proof demonstrated the Ward's need for a conservator. The Ward lives in an inpatient facility. Dr. Friesen's medical report detailed the Ward's physical and mental impairments. The medical report provided that the Ward suffered from aphasia and cognitive decline due to the "recent cerebrovascular accident [stroke]." The medical report also stated that the Ward could not manage his personal affairs due to the aphasia and cognitive decline and that "a conservator is necessary to compensate

for the patient's impaired judgment. . . ." Both of the Ward's daughters – Ms. Guerry and Ms. Keplinger – also attested to the Ward's physical and mental impairments.

After hearing the evidence, the trial court determined that Ms. Guerry was the "appropriate person to serve as conservator of the person and property for [Ward]." The trial court enumerated the following powers to Ms. Guerry in her capacity as conservator:

(a) Managerial power to make decisions and take actions with respect to the care and comfort of the Respondent [Ward], including decisions concerning food, clothing, shelter, and general welfare and health care decisions;

(b) The right to admit to and give or refuse consent for treatment at a medical, psychiatric, or other health care facility;

(c) The authority to protect Respondent's [Ward's] personal and property interests and to control the financial affairs of Respondent, including managerial power over Respondent's income and assets, both real and personal; to buy or sell [the] same including the authority to invest and reinvest such assets; to give or refuse consent to enter into or terminate any contractual relationships; and to make disbursements for Respondent's care, comfort, maintenance, and support; and

(d) The authority to file for and obtain a divorce from Ms. Carnahan on Respondent's behalf[.]

It appears from the record that the trial court's appointment of Ms. Guerry as conservator of her father is supported by clear and convincing evidence. The Ward is disabled and needs a conservator to make decisions concerning his medical and personal needs. Due to Ms. Guerry acting as the Ward's agent pursuant to the power of attorney and the durable power of attorney for health care, she was very familiar with the Ward's affairs and needs. Ms. Guerry testified that she visits the Ward everyday at the inpatient facility and that she takes care of all "his basic needs." Due to the Ward's cognitive decline, it is necessary for another person to make decisions that promote his well-being including the decision to remain married. Further, Ms. Guerry's appointment as conservator for the Ward satisfies the order of priority under Tenn. Code Ann. § 34-3-103.[3] Therefore, we find that

[3]Wife and Ward entered into a prenuptial agreement prior to their marriage. The prenuptial agreement provides that both parties waive any right to seek the appointment of guardian or conservator for the other.

Wife's argument fails and conclude that the powers enumerated by the trial court to Ms. Guerry were appropriate in light of the Ward's disability.

### C. Motion for a Continuance and Motion to Alter or Amend Judgment

This court reviews a trial court's decision to deny a motion for a continuance under the abuse of discretion standard of review. *State Dep't of Children's Servs. v. V.N.*, 279 S.W.3d 306, 317 (Tenn. Ct. App. 2008) (quoting *Blake v. Plus Mark, Inc.*, 952 S.W.3d 413, 415 (Tenn. 1997)). We also employ the abuse of discretion standard when reviewing an order on a motion to alter or amend judgment. *Morrison v. Morrison*, No. W2001-02653-COA-R3-CV, 2002 WL 31423848, at *2 (Tenn. Ct. App. W.S., Oct. 29, 2002) (citations omitted). Under the abuse of discretion standard, we will uphold a trial court's decision "so long as reasonable minds can disagree as to propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted). Only when a trial court "applies an incorrect legal standard or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining" do we find that the trial court abused its discretion. *Id.* In reviewing a discretionary decision, "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999).

In this case, Wife challenges two of the trial court's discretionary decisions. First, she contends that the trial court should have permitted her to conduct discovery and erred by not granting the motion for continuance. Second, she argues that it was an abuse of discretion for the trial court to deny the motion to alter or amend judgment. We find that Wife's arguments are without merit. Specifically, a motion to alter or amend judgment may be granted when "(1) the controlling law changes before a judgment becomes final; (2) when previously unavailable evidence becomes available; or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Townsend Scientific Trust v. Food Tech. Investors, L.P.*, No. W2005-00835-COA-R3-CV, 2006 WL 47433, at *3 (Tenn. Ct. App. W.S., Jan. 11, 2006) (citations omitted). A motion to amend or alter judgment pursuant to Rule 59 of the Tennessee Rules of Civil Procedure should not be granted "when the movant is simply seeking to relitigate a matter that has already been adjudicated." *Morrison*, 2002 WL 31423848, at *2.

In Wife's motion to alter or amend judgment, all of the arguments focused on Conservator's power to file for divorce. None of the arguments addressed the propriety of the conservatorship or the Ward's need for a conservator. The trial court denied the motion and found that a divorce court would address Wife's arguments regarding the grounds for divorce. Nothing in the record suggests that the trial court abused its discretion in denying

either motion. While Wife may disagree with the result of the trial court's decision, we do not find that the trial court applied an incorrect legal standard in reaching either decision. Accordingly, we affirm.

## D. Frivolous Appeal

Conservator requests that this court find Wife's appeal frivolous and award damages in the form of attorneys' fees. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Industrial Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). We do not find Wife's appeal devoid of merit and, therefore, deny the request.

## V. CONCLUSION

The trial court's order appointing Misty L. Carnahan Guerry as the conservator for the Ward is affirmed in its entirety. Costs of this appeal are taxed to the appellant, Helen Exum Carnahan. This case is remanded, pursuant to applicable law, for the collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### IN RE **CONSERVATORSHIP OF KARUBAH CARNAHAN**

**Chancery Court for Hamilton County**
**No. 09-G-128**

_____

**No. E2010-00102-COA-R3-CV - Filed March 9, 2011**

_____

## ORDER

The appellant in this case filed a petition to rehear pursuant to Tenn. R. App. P. 39. We have carefully reviewed the petition and have determined that it is well-taken as to the issue raised and should therefore be granted. The appellant has correctly noted that this court should not have relied on the affidavit of Karubah Carnahan in reaching its decision. Accordingly, this court's original opinion and judgment are hereby withdrawn and held for naught. A new opinion will be filed.

It is, therefore, ordered that the petition to rehear is granted and this court's original opinion is hereby withdrawn and held for naught.

_____
JOHN W. McCLARTY, JUDGE

_____
CHARLES D. SUSANO, JR., JUDGE

_____
D. MICHAEL SWINEY, JUDGE