IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 2, 2025

**KEITH RIDDLE v. ANDREI MICLAUS**

**Appeal from the Circuit Court for Sequatchie County**
**No. 2024-CV-13     John Harvey Cameron, Judge**

_____

**No. M2024-01335-COA-R3-CV**

_____

A plaintiff was awarded a judgment against a defendant who failed to complete home improvement work. The defendant appeals; however, he has failed to provide an adequate record to allow for consideration of his arguments on appeal and has asked this court to perform fact-finding that is beyond the scope of our authority. We affirm the circuit court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and VALERIE L. SMITH, J., joined.

Andrei Miclaus, Dunlap, Tennessee, pro se.

Keith Riddle, Dunlap, Tennessee, pro se.

**OPINION**

I.

The plaintiff, Keith Riddle, decided to convert his basement into an apartment for use by his parents. Mr. Riddle reached an agreement with Andrei Miclaus, the defendant, to perform these home improvements, and Mr. Riddle expended funds in support of launching this home improvement project. Evidently, Mr. Miclaus failed to perform, and Mr. Riddle responded by filing an action in general sessions court. Mr. Riddle sought a judgment of $14,000, representing the amount he paid Mr. Miclaus and an additional $4,000 spent on accommodations that he alleged became necessary for his parents because Mr. Miclaus failed to perform the agreed-upon work. The general sessions court ruled in

favor of Mr. Riddle,[1] and Mr. Miclaus appealed to the circuit court.

Following a trial, the circuit court entered judgment against Mr. Miclaus in the amount of $9,451.50. Mr. Miclaus filed a timely notice of appeal. He also filed in the trial court a document he labeled as a "Statement of Evidence," citing Tennessee Rule of Appellate Procedure 24. According to the "Statement of Evidence," Mr. Miclaus was represented by counsel at trial, while Mr. Riddle proceeded pro se. The "Statement of Evidence" asserts that Mr. Riddle's cross-examination was unfair, that the judge silenced Mr. Miclaus by ordering him to "Stop Blabbering," and that the judge declined to admit certain evidence, including photos, videos, and text messages, advanced by Mr. Miclaus. The "Statement of Evidence" asserts that these conditions rendered Mr. Miclaus's trial unfair. Mr. Miclaus's purported "Statement of Evidence" is extremely lacking in terms of specificity. The purported "Statement of Evidence" also contains no statement that it is an accurate account of the proceedings. It has no certificate of service, and there is no indication from the record before this court that it was ever served upon Mr. Riddle. There is no indication that Mr. Riddle had notice of the "Statement of Evidence."

II.

Both parties are proceeding pro se in this appeal. Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Pro se litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from pro se litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014).

On appeal, Mr. Miclaus asserts that he was denied an opportunity to present his case

---

[1] This judgment is not in the record. According to Mr. Miclaus's "Statement of the Evidence," Mr. Miclaus missed the initial court hearing due to unforeseen traffic conditions and arrived only in time to witness Mr. Riddle depart from the courthouse.

to the trial court and that he was not sufficiently compensated for materials and labor expended on the project. Mr. Miclaus presents before this court multiple factual assertions that are not addressed in his "Statement of Evidence" or any other document contained in the record before this court. Mr. Riddle notes that the record is inadequate and that because of this record deficiency, he is not able to cite to the proof which he introduced in support of the trial court's judgment. Furthermore, Mr. Riddle asserts Mr. Miclaus never served him with any document indicating that Mr. Miclaus was not filing a transcript. He also asserts that the lack of a transcript prevents him from being able to cite to the record to demonstrate the lack of validity of Mr. Miclaus's contentions regarding his ability to put forward his case. Mr. Riddle asks this court to award him post-judgment interest.

In his appellate briefing, Mr. Miclaus asserts that he expended labor and materials worth $7,134 on the project. He also asserts that he offered to reimburse Mr. Riddle a fair amount of money but that Mr. Riddle did not accept and instead filed suit. Mr. Miclaus contends Mr. Riddle was partly to blame for any delay in the project. Mr. Riddle, on the other hand, asserts that Mr. Miclaus completed essentially no work and that Mr. Riddle introduced evidence confirming this at trial, including correspondence, photographs, and surveillance camera footage. He denies that the court refused Mr. Miclaus an opportunity to present proof, asserting that Mr. Miclaus neither sought to introduce proof nor made objections at trial.

Under Tennessee Rule of Appellate Procedure 24(c), when there is no transcript available or a transcript is cost-prohibitive,

> the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Here, the "Statement of Evidence" is not certified as an accurate account of the proceedings, and it contains no certificate of service indicating that it was served on Mr. Riddle. No proof of the service was filed with the clerk of the trial court, and there is no

basis in this record to support a conclusion that this "Statement of Evidence" was served upon Mr. Riddle. Mr. Miclaus's filing did not follow the requirements of Rule 24(c) and is not a proper statement of evidence under Rule 24(c).

In the absence of a transcript or proper statement of the evidence, we cannot review either the trial court's decision regarding the value of the work performed or the court's decisions regarding the admission or exclusion of evidence. "Parties have the responsibility to see to it that the record contains the evidence necessary to support their arguments on appeal." *Levine v. March*, 266 S.W.3d 426, 439 (Tenn. Ct. App. 2007). More particularly, the burden falls on the party asserting error: "it is incumbent upon the *appellant* to provide a record that is adequate for a meaningful review." *Tanner v. Whiteco, L.P.*, 337 S.W.3d 792, 796 (Tenn. Ct. App. 2010) (emphasis added). Where no transcript and no proper statement of the evidence is filed, this court "will presume the evidence presented at trial supports the trial court's decision." *Harrison v. Harrison*, 643 S.W.3d 376, 384 (Tenn. Ct. App. 2021) (quoting *In re Estate of Vaughn*, 615 S.W.3d 133, 142 (Tenn. Ct. App. 2020)); *see Tanner*, 337 S.W.3d at 796 ("As this Court has often stated, 'in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.'" (quoting *In re Rockwell*, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983)). Without an appellate record containing the facts, this court cannot review whether the evidence preponderates against the trial court's findings[2] and assumes that the record would support the trial court's decision. *Harrison*, 643 S.W.3d at 384 (citing *Aibangbee v. Aibangbee*, No. M2005-02598-COA-R3-CV, 2007 WL 1202409, at *2 (Tenn. Ct. App. Apr. 20, 2007)). Here, the record is simply inadequate to allow for this court to meaningfully conduct the review that Mr. Miclaus seeks.

Furthermore, Mr. Miclaus asserts on appeal before this court a variety of facts as to the actual value of his labor and the materials he acquired as well as addressing the breakdown of the relationship between the parties. His argument invites this court to engage in initial fact-finding. However, "[t]he jurisdiction of the court of appeals is appellate only. . . ." Tenn. Code Ann. § 16-4-108(a)(1). We may review the decisions rendered by trial courts, but we "cannot exercise original jurisdiction." *Peck v. Tanner*, 181 S.W.3d 262, 265 (Tenn. 2005) (collecting cases). Accordingly, we cannot act as "the trier-of-fact in the first instance as to the allegations." *Id.* at 266. Furthermore, we cannot generally consider any attempt to "adduce proof," or "consider evidence that has neither been presented to nor considered by the trial judge." *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998); *see Lee v. Peavy*, No. M2024-00890-COA-R3-CV, 2025 WL 733446, at *2 (Tenn. Ct. App. Mar. 7, 2025). Mr. Miclaus's arguments regarding the value of his services and the breakdown of the parties' agreement should have been presented to

---

[2] "Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d).

the trial court. Assuming for purposes of argument that such evidence was actually presented to the trial court, the state of record before us does not allow us to revisit the trial court's judgment, in particular given the lack of specificity of the "Statement of Evidence" and the defective nature of the purported "Statement of Evidence."

## III.

Mr. Riddle requests an "award [of] applicable interest from said final Judgment per rule 41-I.216." This request appears to be referencing Tennessee Rule of Appellate Procedure 41, which provides as follows:

> If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determination by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court.

It is not entirely clear what Mr. Riddle is seeking from this court with his request. "The right to post-judgment interest is statutory," and "[t]he failure of a trial court's judgment or decree to specify post-judgment interest does not abrogate the obligation imposed by the statute." *Kinard v. Kinard*, No. M2000-00674-COA-R3-CV, 2002 WL 970421, at *3 (Tenn. Ct. App. May 10, 2002) (*citing Tallent v. Cates*, 45 S.W.3d 556, 563 (Tenn. Ct. App. 2000) ("The failure of any court to expressly provide such interest in its judgment does not abrogate the statute.")); *see* Tenn. Code Ann. § 47-14-122 ("Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.").

Regarding Rule 41, this court has observed that "if the appellate court deems that its action requires that interest be computed other than as required by statute, the judgment of the appellate court should so state. This interpretation results in the application of statutory interest unless the appellate court orders otherwise." *Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992); *see Varnadoe v. McGhee*, 149 S.W.3d 644, 651 (Tenn. Ct. App. 2004). We do not perceive Mr. Riddle to be asking for interest to be computed other than as required by statute, and he cites to no authority and advances no argument for any such request. As noted above, his brief merely contains a cursory request for an "award [of] applicable interest from said final Judgment per rule 41-I.216." We remand for the trial court for any further necessary proceedings regarding post-judgment interest.

## IV.

For the foregoing reasons, we affirm the judgment of the Circuit Court for

Sequatchie County. Costs of the appeal are taxed to the appellant, Andrei Miclaus, for which execution may issue if necessary.


s/ Jeffrey Usman
JEFFREY USMAN, JUDGE
