IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2010 Session

## SHERRY TANNER v. WHITECO, L.P. and ORANGECO, L.P.

**Direct Appeal from the Chancery Court for Shelby County**
**No.  CH-04-1248-2     Arnold B. Goldin, Judge**

**No. W2009-01265-COA-R3-CV - Filed May 17, 2010**

This case involves the question of whether Appellee entities are partnerships under Tennessee law.  Appellant appeals the trial court's order, which found that Appellee entities were not partnerships.  Finding no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Kendra H. Armstrong, Cordova, Tennessee, for the appellant, Sherry Tanner.

James M. Hivner, Memphis, Tennessee, for the appellees, Whiteco, L.P. and Orangeco, L.P.

### OPINION

On June 28, 2004, Appellant Sherry Tanner ("Ms. Tanner") filed a complaint and request for restraining order in the Shelby County Chancery Court.[1]  The defendants named in the complaint were Norman Vann Thomas, Sr., Bill Koeneman, Bill Koeneman Construction Company, L.L.C., Whiteco Limited Partnership, and Orangeco Limited Partnership.[2]  By her complaint, Ms. Tanner sought enforcement of a partnership agreement and a trust agreement.  Specifically, Ms. Tanner averred:

    1.  On July 17, 1998, [Ms. Tanner] entered into a general

---

[1] An amended complaint was filed on June 29, 2004.

[2] By Order of September 29 2006, Bill Koeneman and Bill Koeneman Construction Company were voluntarily nonsuited, and are no longer parties to this lawsuit, or this appeal.

partnership agreement with...Orangeco, under the name of Destin Partnership....

2. Destin Partnership was organized to develop and market residential real property. Pursuant to the Destin Partnership Agreement, [Ms. Tanner] was to receive a percentage of income which...Orangeco received from the sale of real property owned jointly by Defendants....

3. On June 29, 1999...Whiteco entered into a trust agreement with [Ms. Tanner], which transferred into a trust for the equal benefit of [Ms. Tanner] and...Whiteco a fifty (50%) percent interest in Brownsville-St. Elmo Shopping Center, L.L.C.....

\*                              \*                              \*

5. Defendants, Norman Vann Thomas, Sr., Orangeco, and Whiteco have failed and refused to fully perform under the Destin Partnership Agreement and have only paid [Ms. Tanner] a small portion of the money due to her under the Destin Partnership Agreement. Specifically, [Ms. Tanner] has received less than one hundred thousand dollars ($100,000.00) of the money due and owing to her under the Destin Partnership Agreement and the trust agreement. Plaintiff believes that she is owed over one million dollars....

Norman Vann Thomas, Sr. was a resident of Shelby County, and had four children: Norman Vann Thomas, Jr., Catherine Maness, Elizabeth Thomas, and Robert Thomas. On July 16, 1998, Norman Vann Thomas, Sr. filed a certificate of limited partnership for Orangeco, L.P. with the Tennessee Secretary of State. Sometime after the filing of the certificate for Orangeco, Norman Vann Thomas, Sr. requested his daughter Catherine Maness (who worked for her father) to place the Orangeco certificate in the file cabinet, and advised her that he was doing estate planning and that she and her siblings had an interest in the limited partnership. On December 30, 1998, Norman Vann Thomas, Sr. filed a certificate of limited partnership for Whiteco, L.P. with the Tennessee Secretary of State. As with the Orangeco certificate, Norman Vann Thomas, Sr. also asked his daughter to file the Whiteco, certificate, and indicated to her that the children also had an interest in Whiteco.

Norman Vann Thomas, Sr. died on July 10, 2007. Prior to their father's death, the record indicates that none of Norman Vann Thomas, Sr.'s children had any dealings with

Orangeco, or with Whiteco.  However, after Norman Vann Thomas, Sr.'s death, a check for $100,000.00 was written to attorney Steve Vescovo, as escrow agent for Orangeco. This amount was drawn from the account of Tulip Creek, L.L.C., and each of the Thomas children signed a receipt and waiver in which they acknowledged being interest holders in Orangeco, and in Whiteco.  Each of the children acknowledged that the funds would be used to reimburse funeral expenses incurred by Robert Thomas for his father's funeral.  On or about August 15, 2007, Robert Thomas received a check from the law firm of Steve Vescovo in the amount of $15,000 as reimbursement.

On November 1, 2007, a suggestion of death was filed with the trial court.  By consent order of January 17, 2008, the Estate of Norman Vann Thomas, Sr. was substituted as a party-defendant.  Robert Thomas was named as the administrator of his father's estate and, on January 24, 2008, he filed an answer on behalf of the Estate.  On the same day, Whiteco, and Orangeco also filed a joint answer.  On November 12, 2008, the Estate filed a motion to dismiss for lack of subject-matter jurisdiction.  Specifically, the Estate averred that the trial court lacked jurisdiction due to Ms. Tanner's alleged failure to revive the lawsuit in accordance with Tenn. Code Ann. §30-2-320.  By Order of December 5, 2008, the Estate of Norman Vann Thomas, Sr. was voluntarily nonsuited.  Subsequently, Orangeco and Whiteco filed a motion to dismiss, which motion was denied by Order of March 16, 2009.[3]  On the same day, the trial court held an evidentiary hearing to determine whether the remaining defendants, Orangeco and Whiteco, were valid partnerships under Tennessee law and, specifically, whether Norman Vann Thomas, Sr.'s children were partners in either of these entities.  Following this hearing, on March 28, 2009, the trial court entered its final order, which order provides, in relevant part, as follows:

> [Ms. Tanner] alleges that Norman Vann Thomas, Sr. was in partnership with his children....  At the hearing on March 16, 2009, [Ms. Tanner] presented no testimony to this Court proving a written partnership agreement or an oral partnership agreement. [Ms. Tanner] asks this Court to imply the existence of a partnership based on the factual evidence presented to the Court.  "[T]he existence of a partnership may be implied from the circumstances where it appears that the individuals involved have entered into a business relationship for profit, combining their property, labor, skill, experience, or money." Bass v. Bass, 814 S.W.2d 38, 41 (Tenn. 1991).
>
> The parties do not dispute that Norman Vann Thomas, Sr.

_____

[3] Orangeco, L.P. and Whiteco, L.P. are the sole Appellees in this appeal.

was a partner in Orangeco, L.P. and Whiteco, L.P. The only question then is whether any of Mr. Thomas' children were partners in these ventures. The evidence is that during his lifetime, the children of Norman Vann Thomas, Sr. took no actions that would suggest that they were partners with their father. Catherine Manness was advised by her father of the existence of the partnerships and that he was doing estate planning. After their father's death, at which time the children believed they were the beneficiaries of his estate, the children signed a document which reflected that they were "interest holders" in Orangeco, L.P. and Whiteco, L.P. Even the attorney who drafted the document did not refer to them as partners.

This Court does not have authority to create a partnership where one does not exist. Under the totality of the circumstances, the Court finds that based on the evidence presented at the evidentiary hearing on March 16, 2009, this Court has no evidence to preponderate that the Defendants, Orangeco Limited Partnership and Whiteco Limited Partnership were Tennessee partnerships. The lawsuit is hereby dismissed.

On April 24, 2009, Ms. Tanner filed a motion, asking the court to make additional findings of fact or to alter or amend its judgment. In response, the trial court entered an amendment to its final order on May 11, 2009. The relevant portion of the amendment provides:

Based upon the evidence presented, the Court finds that none of the children of Norman Vann Thomas, Sr. were limited partners in either Whiteco, L.P. or Orangeco, L.P., and that there were no other partners in either of these alleged partnerships besides Norman Vann Thomas, Sr. As such, neither Orangeco, L.P. nor Whiteco, L.P. were limited partnerships pursuant to Tennessee law, as there cannot be a partnership where only one person is involved. Tenn. Code Ann. §61-2-101(8).

Ms. Tanner appeals and raises two issues for review as stated in her brief:

1. Whether the trial court erred in finding that no limited partnership existed?

2.  Whether the trial court erred in finding that Robert Thomas, Norman Vann Thomas, Jr., Elizabeth Thomas, and Catherine Maness were not limited liability partners in Whiteco, L.P. or Orangeco, L.P.?

Because this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).  With respect to the trial court's conclusions on matters of law or on mixed questions of fact and law, however, our review is *de novo* with no presumption of correctness. *See **Bowden v. Ward***, 275 S.W.3d 913, 916 (Tenn.2000); ***Nash-Putnam v. McCloud***, 921 S.W.2d 170, 174 (Tenn.1996); Tenn. R. App. P. 13(d).

It is also well settled that this Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review. Tenn. R. App. P. 24(b).  Here, the record consists only of the technical record. There is neither a transcript, nor a Tenn. R. App. P. 24(c) statement of the evidence. As this Court has often stated, "in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee." ***In re: Rockwell***, 673 S.W.2d 512, 516 (Tenn. Ct. App.1983) (citing ***Wilson v. Hafley***, 189 Tenn. 598, 226 S.W.2d 308 (1949); ***Kyritsis v. Vieron***, 53 Tenn. App. 336, 382 S.W.2d 553 (1964)).

Because there is no transcript, nor a Tenn. R. App. P. 24(c), this Court must conclusively presume the following, relevant facts as found by the trial court in its final order:

On July 16, 1998, Norman Vann Thomas, Sr. had filed with the Secretary of State of Tennessee a Certificate of Limited Partnership for Orangeco, L.P.....  Sometime after the filing...Norman Vann Thomas, Sr. requested Catherine Maness to place the certificate in the filing cabinet and advised her that he was doing estate planning and that she and her siblings had an interest in the limited partnership.  On December 30, 1998, Norman Vann Thomas, Sr. had filed with the Secretary of State of Tennessee a Certificate of Limited Partnership for Whiteco, L.P.  Norman Vann Thomas, Sr. requested Catherine Maness to place the certificate in the filing cabinet and again advised her that he was doing estate planning and that she and her siblings had an interest in the limited partnership.  She had no further

discussions with her father concerning Orangeco, L.P. or Whiteco, L.P.

Prior to the death of Norman Vann Thomas, Sr., [none of his children] had any relationship to Orangeco, L.P. or Whiteco, L.P. After the death of Norman Vann Thomas, Sr., a check was written [to the] escrow agent for Orangeco, L.P..... [Each of Norman Vann Thomas, Sr.'s children] signed a receipt and waiver on or about July 31, 2007 in which they acknowledged being interest holders in Orangeco, L.P. and Whiteco, L.P. [Each of the children] understood that the funds would be used to reimburse Robert Thomas for his father's funeral. Robert Thomas received a check...in the amount of $15,000 on August 15, 2007 as reimbursement for the funeral expenses. These funds were deposited into his personal bank account.... No other evidence was presented to the Court.

\*                                  \*                                  \*

After their father's death, at which time the children believed they were the beneficiaries of his estate, the children signed a document which reflected that they were "interest holders" in Orangeco, L.P. and Whiteco, L.P. Even the attorney who drafted the document did not refer to them as partners.

Based upon these findings of fact, the trial court reached the legal conclusion that Norman Vann Thomas, Sr.'s children were not partners in either Orangeco, or in Whiteco. In its amendment to the final order, the court specifically found that neither Orangeco, nor Whiteco were actual partnerships. This conclusion of law was based upon the trial court's factual finding that "there were no other partners in either [Whiteco or Orangeco] besides Norman Vann Thomas, Sr.

The Tennessee Revised Uniform Limited Partnership Act, Tenn. Code Ann. §61-2-101 *et seq.* (the "Act") sets out the requirements for formation of a limited partnership in Tennessee. It is well settled that "people wanting to form a limited partnership cannot just stumble into one. The statutory requirements for becoming a limited partner are significant; the benefit of limited liability exacts a price. 'Generally, limited partnerships are creatures of statute, and statutory compliance establishes their existence.'" ***In Re Taylor & Assoc., L.P.***, 249 B.R. 431, 467 (E.D. Tenn.1997) (quoting ***Hayes v. FPI Nursery Partners 1984-I***, No. 90-15224, 1991 WL 103447, at \*3 (9th Cir. June 11, 1991)). Pursuant to the statutory

scheme, formation of a limited partnership requires several actions: (1) the filing of a properly executed certificate with the Secretary of State, Tenn. Code Ann. §61-2-201; (2) the existence of one or more general partners and one or more limited partners, Tenn. Code Ann. §61-2-101(8); and (3) an agreement between the partners, *In Re: Estate of Threefoot,* No. W2005-02942, 2006 WL 3114147, *4(Tenn. Ct. App. Nov. 3, 2006). In the instant case, it is undisputed that Norman Vann Thomas, Sr. filed certificates of limited partnership for both Orangeco and Whiteco with the Secretary of State. However, as set out above, filing is only one of the criteria for creating a partnership. Here, it is the second and third criteria that were not met.

### The Existence of One or More Limited Partners

Tenn. Code Ann. §61-1-101(6) defines a "partnership" as "[a]n association of two (2) or more persons to carry on as co-owners of a business or other undertaking for profit...." Likewise, Tenn. Code Ann. §61-2-101(8) defines "limited partnership" and "domestic limited partnership" as "a partnership formed by two (2) or more persons under the laws of the state of Tennessee, and having one (1) or more general partners and one (1) or more limited partners...." By its definition, therefore, a partnership requires two or more persons (or entities). From the trial court's findings, it appears that Ms. Tanner did not present evidence to establish that anyone, other than Norman Vann Thomas, Sr. or his children, were partners in either Orangeco or Whiteco. As set out in its order, the trial court found that neither Orangeco, nor Whiteco were partnerships because no one other than Norman Vann Thomas, Sr. was involved in either entity.

### Agreement Between the Parties

A partnership agreement is "... any agreement, written or oral, of the partners as to the affairs of a limited partnership and the conduct of its business." Tenn Code Ann. § 61-2-101(11). "Although [the Act ]does not require a written partnership agreement, see Tenn. Code Ann. § 61-2-201(b), '[the Act] does implicitly presume that a limited partnership will operate from some kind of agreement or understanding between the partners.'" *In re Estate of Threefoot*, No. W2005-02942-COA-R3-CV, 2006 WL 3114147, *4 (Tenn. Ct. App., Nov. 3, 2006) (quoting *In Re Taylor & Assoc., L.P.*, 249 B.R. 431, 443 (E.D. Tenn.1997)). While a partnership may be established by showing evidence of a written partnership agreement or of an oral partnership agreement, where neither exists, a court may imply the existence of a partnership. *Bass v. Bass*, 814 S.W.2d 38, 41 n. 3 (quoting 59A Am. Jur. 2d, *Partnership*, §152 (1987)). As noted by the *Taylor* Court:

> It is axiomatic that business associates, whether joint venturers,
> partners, or limited partners, to a minimum degree jointly agree

to and understand the purpose, intent, and goal of their business relationship. Indeed, the partners of a limited partnership must agree "as to the affairs of a limited partnership and the conduct of its business." See [T.C.A.] § 61-2-101(11) (defining a partnership agreement).

*In Re Taylor & Assoc., L.P* ., 249 B.R. 431, at 443.

In the instant case, Ms. Tanner provided no evidence of a written or oral partnership agreement, and the court found no evidence of a written or oral partnership agreement for Orangeco or Whiteco. These findings are conclusive; therefore, if a partnership exists in this case, it must be found by inference. "[T]he existence of a partnership may be implied from the circumstances where it appears that the individuals have entered into a business relationship for profit, combining their property, labor, skill, experience, or money." *Bass*, 814 S.W.2d at 41. The burden of proof of the existence of a partnership is on the party who alleges the partnership. *Mullins v. Evans*, 308 S.W.2d 494, 498 (Tenn. Ct. App.1957). Moreover, clear and convincing evidence is required to establish an implied partnership. *Montgomery v. Montgomery*, 181 S.W.3d 720, 726 (Tenn. Ct. App. 2005).

Ms. Tanner asked the trial court to imply that Orangeco and Whiteco were partnerships between Norman Vann Thomas, Sr. and his children based solely upon the evidence previously stated. The trial court refused to make such an inference, and Ms. Tanner now asks this Court to reverse the trial court's decision based upon these same facts. Turning to the facts, it appears that Ms. Tanner's argument for a partnership between Norman Vann Thomas, Sr. and his children is based upon three actions: (1) the filing of the certificates of limited partnership for Orangeco and Whiteco; (2) Norman Vann Thomas, Sr.'s giving the certificates to his daughter, Catherine Maness, for filing and his statements that the children had an "interest" in the partnerships; and (3) the children signing the receipt and waiver acknowledging an interest in Orangeco and Whiteco, following their father's death. The trial court found, as a matter of fact, that each of the foregoing events occurred. Given the absence of a transcript or statement of the evidence, we are bound by these findings. Consequently, our task on appeal is to determine whether the trial court erred, as a matter of law, in declining to infer a partnership based upon any, or all, of the facts as stated in the final order.

### Filing the Certificates of Limited Partnership

In her brief, Ms. Tanner seems to suggest that, because Orangeco and Whiteco admitted, in their answer, that the alleged partnerships were organized under the Tennessee

-8-

Limited Partnership Act, this statement in the answer somehow constitutes an admission that both Orangeco and Whiteco are, in fact, partnerships. We disagree. In the first instance, it is well settled that pleadings are not evidence. *See, e.g., State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App.1988). Regardless, from our review of Orangeco and Whiteco's answer, it appears that, at best, there was only an admission that the certificates were filed with the State–a fact that the trial court found to be true. However, the trial court did not go so far as to find that the filing of the certificates, *ipso facto*, resulted in the formation of a partnership. The trial court's conclusion was correct. As noted above, a partnership requires at least two parties. The filing of a certificate of limited partnership, standing alone, is not sufficient to establish a partnership absent compliance with the other statutory requirements. *See In re Estate of Threefoot*, No. W2005-02942-COA-R3-CV, 2006 WL 3114147 (Tenn. Ct. App. Nov. 3, 2006) Although Norman Vann Thomas, Sr. attempted to create a partnership by filing the certificates, based upon the trial court's finding that Norman Vann Thomas, Sr. was the sole party involved, Mr. Thomas failed to create an actual partnership.

### Catherine Maness' Receiving and Filing the Certificates

The fact that Norman Vann Thomas, Sr. gave the certificates for Orangeco and Whiteco to his daughter for filing is simply not sufficient to find a partnership. Moreover, the fact that Norman Vann Thomas, Sr. informed his daughter that the children had an "interest" in the alleged partnerships is also insufficient to form a partnership. As noted above, Tenn. Code Ann. §61-1-101(6) defines a "partnership" as "[a]n association of two (2) or more persons to carry on as co-owners of a business or other undertaking for profit...." Under this definition, a partner must be a "co-owner" of the partnership. The *Bass* Court clarified this requirement, stating that, in order for a partnership to exist in Tennessee, the parties involved must have "entered into a business relationship for profit, combining their property, labor, skill, experience, or money." *Bass v. Bass*, 814 S.W.2d at 41. Under this definition, the fact that Norman Vann Thomas, Sr.'s children had an "interest" in the alleged partnerships is simply not sufficient to prove that they were in partnership with their father. There is no evidence that any of the children took any action to combine their property, skills, experience, or money with their father's from the date that the certificates were filed in 1998 until the time of Norman Vann Thomas, Sr.'s death in July of 2007.

### Receipt and Acknowledgment

Following their father's death, the Thomas children signed a receipt and acknowledgment concerning the reimbursement of funds to Robert Thomas for funeral expenses. Ms. Tanner asserts that the children's admission that they had an "interest" in Whiteco and Orangeco indicates a partnership between themselves and Norman Vann Thomas, Sr. We disagree. In the first instance, it is clear that any action by the children after

their father's death cannot form the basis of a partnership. Further, the fact that Robert Thomas was reimbursed for his father's funeral expenses from funds that were designated for Orangeco was not evidence that Robert Thomas was a partner in that entity. Moreover, the children became interest holders in the alleged partnerships upon the death of their father, as the beneficiaries of his Estate. An interest holder, however, is not the same as a partner.

Based upon the foregoing, we conclude that the trial court was correct in finding that there was not clear and convincing evidence in the record from which to infer the existence of a partnership between Norman Vann Thomas, Sr. and any of his children. Therefore, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellant, Sherry Tanner, and her surety.

_____
J. STEVEN STAFFORD, JUDGE