IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2018 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY v. DELINQUENT TAXPAYERS AS SHOWN ON THE 2011 REAL PROPERTY TAX RECORD

**Appeal from the Chancery Court for Davidson County**
**No. 13-299-II        Ellen H. Lyle, Chancellor**

_____

### No. M2018-00026-COA-R3-CV

_____

A delinquent taxpayer's property was sold at a tax sale on January 22, 2014. The taxpayer subsequently conveyed her interest in the property to a third party that redeemed the property within the one-year statutory redemption period. The proceedings were stayed a year and a half due to the redeeming party's bankruptcy; after the stay was lifted, the trial court held a hearing on the tax-sale purchaser's motion for additional costs and then entered an order finalizing the redemption. In that order, the trial court ruled that the redeeming party was required to, among other things, pay interest on the price paid by the tax-sale purchaser at the tax sale for the entire period between the tax sale and entry of the final order. The redeeming party appeals, arguing that the statute only allowed interest to be charged from the date of the tax sale through the date the redemption process began. We agree, and we therefore reverse the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court of Davidson County Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Charles Walker, Nashville Tennessee, for the appellant, REO Holdings, LLC.

S. Madison Roberts, IV, Franklin, Tennessee, for the appellee, G. Co. Investments, LLC.

Lora Barkenbus Fox, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville & Davidson Co.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

On January 22, 2014, real property located at 725 Heritage Drive, Madison, TN 37115 ("the Property"), was sold to G Co. Investments, LLC, ("G Co.") at a delinquent tax auction; the chancery court entered a Final Decree Confirming Sale on February 28.

On February 27, 2015, in compliance with section Tennessee Code Annotated section 67-5-2702, REO Holdings tendered $13,437.49 to the Davidson County Clerk to cover those amounts required by section 67-5-2703. The Davidson County Clerk issued the notice required by section 2704 on March 3, and on March 24, G Co. filed a motion to recover additional taxes and expenses that it alleged were recoupable under section 2704.

On December 16, REO moved for a final order on its redemption. G Co. responded on January 11, 2016, again asserting it was "entitled to additional interest and reimbursements upon redemption of the property."

Before its motion was heard, REO filed a Suggestion of Bankruptcy and Notice of Stay, informing the chancery court that on February 29, 2016, it filed a voluntary petition for bankruptcy in the U.S. District Court for the Western District of Tennessee; the chancery court subsequently entered an order staying proceedings in the case. Upon filing of the Chapter 11 Trustee's Amended Plan of Reorganization and the agreement of the Bankruptcy Trustee and G Co., the U.S. District Court remanded the case to the chancery court and lifted the stay on September 28, 2017. The chancery court then scheduled a hearing on REO's motion for a final order of redemption.

The chancery court heard REO's motion on December 1 and entered an order disposing of the motion on December 15; in that order, the chancery court ruled that additional sums were due under section 2704 and that REO owed (1) $4,671.84 in statutory interest and "various other reimbursable costs" paid by G Co; (2) $7,358.85 in interest, which was computed from the date of the tax sale through the filing of the Motion to Redeem; (3) $17,102.34 in interest, which was computed from the date of the filing of the Motion to Redeem through the date of hearing on REO's motion. REO tendered the required amount, and the court issued a final decree of redemption.

REO appeals, arguing that the chancery court erred in charging it interest on the purchase price between the date it began its redemption and the date the court entered its final order.

## II.  ANALYSIS

### A.  Amount due to redeem the property

"The government's power to tax real property includes the power to sell the property when the owner fails to pay the required tax." *State v. Delinquent Taxpayers*, No. M2004-00951-COA-R3-CV, 2006 WL 3147060, at *6 (Tenn. Ct. App. Nov. 2, 2006).  This is a "harsh measure[]," but Tennessee has mitigated that harshness "by giving property owners a right to redeem their real property after it has been sold for delinquent taxes by paying a compensatory sum to the tax sale purchaser within a prescribed period." *Id.*  "[T]he tax law in existence at the time of the [tax] sale" governs our analysis of the issue presented in this case. *Sheafer v. Mitchell*, 71 S.W. 86, 94 (Tenn. 1902).  At the time of the tax sale in this case, the redemption process was governed by Tennessee Code Annotated sections 67-5-2701—2707.[1]  The parties do not dispute that the governing version of the statute is the one that was in effect from May 13, 2013, through June 30, 2014.

The threshold issue presented in this appeal is whether interest on the purchase price ends when the redemption process is initiated or when it is completed.  This determination involves the interpretation of statutes, which is a question of law, and thus we review the chancery court's decision *de novo*, without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009).  The statutes pertinent to this issue are sections 67-5-2702, -2703, and -2704, which provide:

**Section 67-5-2702**

(a) Persons entitled to redeem property may do so by paying the moneys to the clerk as required by § 67-5-2703 within one (1) year from the date of entry of the order of confirmation of sale, as evidenced by the records in the office of the clerk of the court responsible for the sale.

(b) A taxpayer may redeem property that has been previously redeemed by paying to the clerk the moneys as required by § 67-5-2703 within one (1) year from the date the property was sold, as evidenced by entry of the order of confirmation of sale.  Upon the entry of the order of redemption using the procedure outlined in § 67-5-2704, the clerk shall disburse the moneys paid to redeem, plus interest at a rate of ten percent (10%) per annum computed from the date of the order of the previous redemption to the person previously redeeming as ordered by the court.

---

[1] 2014 Public Acts, ch. 883, §§ 17 and 18 replaced Tennessee Code Annotated sections 67-5-2701—2706 and 67-5-2707, respectively, effective July 1, 2014.

**Section 67-5-2703**

In order to redeem property that has been sold, any person entitled to redeem the property shall pay to the clerk of the court who sold the property the amount paid for the delinquent taxes, interest and penalties, court costs and any court ordered charges, and interest at the rate of ten percent (10%) per annum computed from the date of the sale on the entire purchase price paid at the tax sale.

**Section 67-5-2704**

(a) Within ten (10) days of receipt of the money required for redemption as set forth in § 67-5-2703 and, if required, the statement setting forth the basis under which a person is entitled to redeem the property, the clerk shall send a notice to the purchaser of the property at the tax sale. This notice shall state that money to redeem the property has been tendered, the date of the tender, and that the purchaser shall have thirty (30) days from the date of the tender to file a motion requesting additional amounts to be paid to compensate the purchaser for any other lawful charges or moneys, including property taxes due or delinquent on the property, expended to preserve the value of the property or to otherwise protest the redemption. If the court finds that the purchaser has paid additional moneys, including property taxes due or delinquent on the property, for lawful charges in order to preserve the value of the property, the court shall order the person requesting to redeem the property to pay such additional sums to the clerk of court. "Lawful charges" as used in this subsection (a) include, but are not limited to, reasonable payments made for maintenance and insurance. In addition, the court shall direct the person entitled to redeem to pay a reasonable fee to the clerk and master or delinquent tax attorney for the preparation of the notices, motions, and orders required to give effect to the request to redeem the property. After any additional sums have been paid to the clerk, the court shall order that the redemption has been properly made, and the clerk shall disburse the purchase price with interest at a rate of ten percent (10%) per annum computed from the date of the tax sale to the purchaser. If the court finds that no additional sums are owing in order to redeem, or upon expiration of the thirty-day period for the purchaser to file a motion to protest the redemption or to request additional moneys, the court shall order that redemption has been properly made, and the clerk shall disburse the purchase price, plus interest at a rate of ten percent (10%) per annum computed from the date of the sale, and any other moneys so ordered by the court to the purchaser.

4

In interpreting the statutes at issue here, we are mindful that, "as a matter of general policy," courts "construe the statutes governing the sale of property for delinquent taxes, and specifically the statutes providing the right of redemption, liberally in favor of the redeeming party." *Delinquent Taxpayers*, 2006 WL 3147060, at *6. We additionally recognize that "[i]n Tennessee, property owners who redeem real property . . . are required to pay only those costs specified by statute," i.e., those costs specified in sections 2703 and 2704(a). *Rutherford Cty. v. Delinquent Taxpayers of Rutherford Cty.*, No. M2016-01254-COA-R3-CV, 2017 WL 5495401, at *4 (Tenn. Ct. App. Nov. 15, 2017) (citing *Delinquent Taxpayers*, 2006 WL 3147060, at *6).

Section 2703 lists the costs a redeeming party must submit in order to redeem. Relevant here is the provision that the redeeming party pay "interest at the rate of ten percent (10%) per annum computed from the date of the sale on the entire purchase price paid at the tax sale." Tenn. Code Ann. § 67-5-2703. While this provides that the interest begins to accrue on the date of the tax sale, it does not tell us the date through which it accrues. Section 2702 requires a redeeming party to pay the funds specified in section 2703 to the clerk "within one (1) year from the date of entry of the order of confirmation of sale." Tenn. Code Ann. § 67-5-2702. Because the redeeming party must pay its funds, including interest on the amount paid at the tax sale within one year, there is no authority in the statute for a longer period of interest.

G Co. argues that section 2704's directive that "the clerk . . . disburse the purchase price, plus interest at a rate of ten percent (10%) per annum computed from the date of the sale" is authority on which a court can charge a redeeming party interest on the purchase price after the redemption is filed. We disagree. Section 2704 authorizes a court to impose two different categories of charges: (1) "lawful charges, including property taxes due or delinquent on the property" and amounts "expended to preserve the value of the property[2] or to otherwise protest the redemption";[3] (2) "a reasonable fee to the clerk and master or delinquent tax attorney for the preparation of the notices, motions, and orders required to give effect to the request to redeem the property." Thus, the legislature expressly directed the redeeming party to pay the purchaser for "lawful charges" and to pay the clerk and master or the delinquent tax attorney a "reasonable fee." Had the legislature intended the redeeming party to pay interest while the redemption was proceeding, it could have expressly done so.

---

[2] Section 2705 imposed a duty on tax-sale purchasers to "take reasonable steps to prevent waste"; section 2704 provided the authority by which the purchaser could recoup costs spent to comply with section 2705.

[3] There is no doubt that interest on the purchase price of the property is not one of these "lawful charges" within the meaning of section 2704: It is not included in the statutory examples of "lawful charges" nor is there any case law that classifies interest on the purchase price as a "lawful charge" under section 2704.

5

In sum, we hold there was no statutory authority for charging REO interest on the purchase price past the date it filed the funds required under section 2703.

**B. REO's Bankruptcy**

REO also argues that its Amended Chapter 11 Bankruptcy Reorganization Plan entered by the U.S. District Court prohibits G Co. from receiving any interest. The plan, however, is not included in the record of this appeal. "It is also well settled that this Court's review is limited to the appellate record[,] and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review." *Tanner v. Whiteco, L.P.*, 337 S.W.3d 792, 796 (Tenn. Ct. App. 2010) (citing Tenn. R. App. P. 24(b)). Because the reorganization plan is not part of the record on appeal, we cannot consider REO's argument that the plan relieves it of any obligation to pay interest. *Id.*; *see also Levine v. March*, 266 S.W.3d 426, 439 (Tenn. Ct. App. 2007).

**III.   CONCLUSION**

For the foregoing reasons, we reverse the judgment of the trial court charging REO interest past the date it tendered moneys to redeem the property at issue and remand the case for a recalculation of the amount due G Co. pursuant to sections 2702 and 2703, and for such other proceedings as may be necessary, consistent with this opinion and the accompanying judgment.

_____
RICHARD H. DINKINS, JUDGE

6