IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 4, 2025

**MARIA BERNABE MARTINEZ v. AMY BRYANT**

**Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2024-CV-468   Joe Thompson, Judge**

_____

**No. M2024-01803-COA-R3-CV**

_____

The owner of a Pitbull mix canine appeals from the trial court's denial of her motion to set aside the judgment entered in favor of the canine's victim.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Amy Bryant, Gallatin, Tennessee, pro se appellant.

Maria Bernabe Martinez, Gallatin, Tennessee, pro se appellee.

**MEMORANDUM OPINION[1]**

**I.     BACKGROUND**

The following facts are elicited by the technical record and the statement of the evidence, as approved by the trial court.  On October 27, 2023, at approximately 9:33 p.m., officers of the Gallatin Police Department responded to a call concerning a dog bite

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

involving the animals of Defendant-Appellant Amy Bryant ("Appellant"), and Plaintiff-Appellee, Maria Martinez ("Plaintiff"). Plaintiff was walking her leashed dog, an Australian Shepherd-Beagle mix, on the public street. Neither Plaintiff nor her dog ever entered Appellant's property. Appellant allowed her dog to go outside from the back of her home. Because it was dark outside, Appellant could not see Plaintiff or Plaintiff's dog. Appellant's Pitbull mix dog perceived Plaintiff's dog and began barking. Appellant's dog dragged her to the front of her property in pursuit of Plaintiff's dog, broke free, escaped Appellant's yard, and attacked both Plaintiff and her dog who were near a mailbox across the street from Appellant's house. Plaintiff began striking Appellant's dog in defense of her own dog. Once Appellant's dog let go of Plaintiff's dog, it began biting Plaintiff. Plaintiff sustained bite injuries to both arms. Her dog's neck was bloody and injured. An ambulance transported Plaintiff to Sumner Regional Medical Center where her injuries were treated. Plaintiff's family member transported her dog to BluePearl Veterinary Partners-Nashville where it was treated. Appellant's dog was taken to Sumner County Animal Control. Appellant and Plaintiff were the only witnesses to the attack.

Plaintiff initiated this action in the Sumner County General Sessions Court where judgment was entered in her favor on May 9, 2024. Appellant appealed to the Circuit Court for Sumner County ("trial court"). The case proceeded to an August 14, 2024 de novo hearing at which both parties appeared and were heard. The following exhibits were entered into evidence: photographs of Plaintiff's dog's injuries, including radiological images; photographs of Plaintiff's injuries; an itemized invoice totaling $4,595.17 issued by BluePearl Veterinary Partners-Nashville for Plaintiff's dog's treatment; and medical bills incurred by Plaintiff. Plaintiff incurred $1,199.81 in medical bills, of which she had paid $276.36 by the time of trial. The trial court found Plaintiff to be a credible witness. The trial court did not find Appellant to be a credible witness. On September 10, 2024, the trial court entered a $5,794.98 judgment in Plaintiff's favor, finding that Appellant "allowed her dog off of her property and onto the public streets where it bit [Plaintiff] who has incurred medical bills in the amount of $5,794.98." On October 10, 2024, Appellant moved the trial court to set aside its September 10 order on the ground that neither she nor the trial court "verified the authenticity of [the] vet bill from BluePearl with any medical documentation and or records." The trial court denied Appellant's motion on October 30, 2024. This timely appeal followed.

## II.     ISSUE

Appellant raises one issue for review:

Whether the trial court erred by denying her the opportunity to present crucial and relevant evidence, to offer rebuttal evidence, and denying the right to cross examine.

## III. STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011). This is because the trial court alone had the opportunity to observe the appearance and demeanor of the witnesses. *Royal Ins. Co. v. Alliance Ins. Co.*, 690 S.W.2d 541, 543 (Tenn. Ct. App. 1985).

"A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard." *Collins v. Arnold*, No. M2004-02513-COA-R3-CV, 2007 WL 4146025, at *22 (Tenn. Ct. App. Nov. 20, 2007) (citing *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005)). A trial court abuses its discretion "only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

## IV. DISCUSSION

On appeal, Appellant argues, without citation to the record, that the trial court "erroneously excluded key documentary evidence—emails with animal control and police officials—that [were] crucial to contextualizing the alleged dog attack and refuting [Plaintiff's] claims," denied Appellant the chance "to effectively cross-examine [Plaintiff] regarding a previously undisclosed and unauthenticated invoice," and "prevented Appellant from presenting rebuttal evidence that would have contested the nature and implications of the veterinary services listed on the invoice." Appellant argues that these errors deprived her of a meaningful opportunity to present her case, in violation of the guarantee of due process set forth in Article I, Section 8 of the Tennessee Constitution.

We acknowledge Appellant's pro se status. "Pro se litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of

- 3 -

litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat'l Bank Assoc., et al.*, 387 S.W.3d 559, 563 (Tenn. Ct. App. 2012); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

"Parties have the responsibility to see to it that the record contains the evidence necessary to support their arguments on appeal." *Levine v. March*, 266 S.W.3d 426, 439 (Tenn. Ct. App. 2007). This burden falls on the party asserting error: "This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review." *Tanner v. Whiteco, L.P.*, 337 S.W.3d 792, 796 (Tenn. Ct. App. 2010). Here, the record does not contain a transcript of the proceedings or anything purporting to demonstrate that the trial court made "procedural missteps" amounting to reversible error. Under Tennessee Rule of Appellate Procedure 24(c), when there is no transcript of the proceedings available or a transcript is cost-prohibitive,

> the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Tenn. R. App. P. 24(c).

Turning to the facts and procedural history contained in the statement of the evidence approved by the trial court, our review reveals that it does not support Appellant's contentions. Neither the statement of the evidence nor any other document in the record addresses the manner in which each party presented her case, the procedure followed, additional evidence proffered besides Plaintiff's veterinary and medical bills, objections made by either party, or the trial court's evidentiary rulings, if any. In her brief, Appellant presents assertions that are not addressed in the statement of the evidence or any other document contained in the record before this Court. "[I]n order to raise an issue on appeal regarding the admissibility of evidence, the party raising the issue must have made a

contemporaneous objection." *McGarity v. Jerrolds*, 429 S.W.3d 562, 567 (Tenn. Ct. App. 2013); *see* Tenn. R. App. P. 36(a). On this record, we cannot tell whether Appellant objected at trial or otherwise seasonably called any of the errors assigned on appeal to the trial court's attention. Upon review of the entire record, we hold that the evidence does not preponderate against the trial court's factual findings that Appellant allowed her dog off of her property and that the dog's attacks resulted in injuries to Plaintiff and Plaintiff's dog which cost $5,794.98 to treat. Accordingly, we affirm.

## V.      CONCLUSION

For the foregoing reasons, we affirm judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Amy Bryant.

_____
JOHN W. McCLARTY, JUDGE