IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 24, 2026 Session

## KATHY DIANE BARKER COMPTON v. MICHAEL COMPTON

**Appeal from the Circuit Court for Sullivan County**
**No. C16010  William K. Rogers, Judge**

_____

**No. E2024-00549-COA-R3-CV**

_____

This is an appeal from a final decree of divorce. The wife primarily challenges the trial court's decision to deny her alimony. Finding no error or abuse of discretion, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, P.J., E.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KRISTI M. DAVIS, JJ., joined.

Kathy Diane Barker Compton, Bristol, Tennessee, Pro Se.

Michael Brent Compton, Kingsport, Tennessee, Pro Se.

## OPINION

### I. BACKGROUND

The appellant, Kathy Diane Barker Compton ("Wife") and the appellee, Michael Brent Compton ("Husband") were married in 2004.  Wife was 30 and Husband 32 at the time of marriage. Both Husband and Wife have Master's degrees in Education obtained prior to the marriage and before the birth of their children. During the marriage, Wife was primarily a stay-at-home mother.  She claims that Husband wanted her to stay home with the children and to cease working outside of the home after she had complications delivering their first child. She asserts that she continues to have serious health concerns.

Husband contends that since June 2023, he has been the primary residential parent of the two minor children. The parties' oldest child turned 18 in August 2023. Husband notes that despite Wife being ordered to pay him child support in two separate orders of the juvenile court,[1] she has made no payments. Husband states that in addition to making monthly payments to his attorney, submitting insurance premiums, and maintaining his vehicles, he is providing for the care and daily needs of the children.

According to Wife, Husband complained throughout the marriage of constant money problems and accused her of hiding money. Husband filed for bankruptcy in June 2023 and included the marital home located at 1141 Indian Hills Drive in Bristol in his petition. Despite the filing, Wife maintains that Husband makes significantly more money and has greater earning capacity than she does; she claims false assertions Husband has made during litigation have prevented her from gaining employment in educational positions.

On February 29, 2024, the divorce hearing was conducted. In a Judgment of Divorce entered on March 13, 2024, the trial court stated, *inter alia*:

> … IT APPEARS TO THE COURT that with all jurisdictional requirements having been satisfied, the Court further finds that the parties are entitled to, and shall be granted, an absolute divorce on the ground of inappropriate marital conduct as defined in Tenn. Code Ann. § 36-4-101(a)(11) and further,
>
> IT APPEARS TO THE COURT that upon careful consideration of a fair and equitable distribution of the marital property, specifically, the parties' real property located at 1141 Indian Hills Drive, Bristol, Sullivan County, Tennessee, the same shall be awarded to the Wife and Wife shall be responsible for all future mortgage, insurance and maintenance on the home as Husband has filed bankruptcy and such debt has been discharged against Husband and therefore, Wife shall also be awarded all furnishings remaining in the marital home, and further,
>
> IT APPEARS TO THE COURT that as to the personal property, Husband shall retain ownership of the 1998 Ford Mustang as the same was acquired by the Husband prior to the marriage and he shall be responsible for all debt and maintenance of said vehicle. Husband shall also retain ownership and use of his mother's vehicle which is titled in his mother's name. Husband shall also be awarded all personal property currently in his possession, including any banking or other financial accounts held in his name solely; however, Husband shall return the Wife's Mother's birth certificates, if he

---

[1] Those orders are not included in the record. However, in the final order, the trial court references that Husband has not received financial assistance from Wife.

locates the same, and all family photos shall be equally divided between the parties, and further,

IT APPEARS TO THE COURT that Wife shall be awarded the 2006 PT Cruiser vehicle; 2005 Kia Sedona vehicle; and the 2006 Subaru Forrester vehicle and Wife shall assume all debt owed and maintenance of the vehicles. Further, Wife shall be awarded all personal property currently in her possession, including any banking or other financial accounts held in her name solely; …

IT APPEARS TO THE COURT that the parties' joint checking account held by Regions Bank has been closed and neither party [has] individual retirement accounts (IRAs), pension benefits, retirement funds, 401(k), and/or profit-sharing plans, and further,

IT APPEARS TO THE COURT that in regard to marital debt, each party shall be responsible for all debt currently in his or her name, including, any and all medical bills and student loans. Husband shall be responsible for any unpaid medical bills currently owed for the parties' minor children, and further,

IT APPEARS TO THE COURT that neither party is entitled to spousal support and in fact the Court finds that although having a master's degree in education, the Wife is underemployed as [a] certified barista at Starbuck's working part time and Husband does not have the ability to pay support *in futuro* as he has been the sole provider for the parties' three (3) minor children and has received no financial assistance from the Wife while caring for the children; however, in light of Wife's testimony concerning the parties' 2023 joint federal income tax refund in the approximate amount of $9,233.00, the Wife shall receive $7,233.00 of the refund and the Husband shall receive $2,000.00 of the refund. In the event that the parties' 2023 joint federal income tax refund be an amount different than that to which Wife testified ($9,233.00), Wife shall, as alimony *in solido*, receive an eighty-percent (80%) share of the refund and Husband shall receive a twenty-percent (20%) [share] of the refund, …

Wife timely filed this appeal *pro se*. She did not file with the trial court either a transcript or a statement of the evidence in a timely fashion as required by the Rules of Appellate Procedure. On October 8, 2024, Wife filed a motion to accept an attached late filed statement of the evidence.

## II. ISSUE

The issue raised by Wife in this appeal is as follows:

Did the trial court exercise proper authority in not awarding Wife alimony.

## III. STANDARD OF REVIEW

When dealing with the trial court's findings of fact, we review the record *de novo* with a presumption of correctness, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Because trial courts are in a far better position than this court to observe the demeanor of the witnesses, the weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court. *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). Where issues of credibility and weight of testimony are involved, we will accord considerable deference to the trial court's factual findings. *In re M.L.P.*, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn. 1999)). However, the trial court's conclusions of law are accorded no presumption of correctness. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744-45 (Tenn. 2002).

The standard of review for all types of alimony is as follows:

Trial courts have broad discretion in determining the amount of alimony, if any, and the type of alimony to be awarded in view of the circumstances of each particular case, and such awards will not be disturbed absent an abuse of that discretion. *See Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006); *Lindsey v. Lindsey*, 976 S.W.2d 175, 180 (Tenn. Ct. App. 1997). Thus, an appellate court reviews an award of alimony pursuant to the abuse of discretion standard. *Broadbent*, 211 S.W.3d at 220. More specifically, "[t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Id.* An abuse of discretion occurs when the trial court causes an injustice by: (1) applying an incorrect legal standard, (2) reaching an illogical result, (3) resolving the case on a clearly erroneous assessment of the evidence, or (4) relying on reasoning that causes an injustice. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). "[W]hen reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision." *Id.* at 105-06.

*Tittle v. Tittle*, No. M2022-01299-COA-R3-CV, 2024 WL 314102, at *8 (Tenn. Ct. App. Jan. 29, 2024). "Appellate courts are generally disinclined to second-guess a trial judge's spousal support decision." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998).


# IV. DISCUSSION

Wife is seeking alimony *in futuro* and/or transitional alimony. She also requests that Husband be required to pay past due mortgage payments as well as present and future mortgage payments on the home and property she was awarded in the divorce.

Regarding *pro se* litigants, this court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give *pro se* litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by *pro se* litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> *Pro se* litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for *pro se* litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a *pro se* litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

The burden is on the appellant to provide this court with either a transcript of the evidence or a statement of the evidence from which we can determine whether the evidence does in fact preponderate for or against the findings of the trial court. *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *2 (Tenn. Ct. App. Oct. 30, 2007) (citing *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992)). It is the

appellant's responsibility to convey a "fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005) (quoting *State v. Ballard*, 855 S.W.3d 557, 560 (Tenn. 1993)).

Wife has presented a lengthy brief that makes various factual assertions and arguments and expresses her opinions about the judicial proceedings. It is essentially a regurgitation of the statement of evidence she submitted to the court, which is extremely lacking in terms of specificity, contains no statement that it is an accurate account of the proceedings, has no certificate of service, and does not indicate that it was ever served upon Husband. There is no indication that Husband had notice of the statement of evidence.

As recently discussed by Judge Jeffrey Usman in *Riddle v. Miclaus*, No. M2024-01335-COA-R3-CV, 2025 WL 1166481, at *2 (Tenn. Ct. App. April 22, 2025):

> Under Tennessee Rule of Appellate Procedure 24(c), when there is no transcript available or a transcript is cost-prohibitive,
>
> the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.
>
> * * *
>
> … "Parties have the responsibility to see to it that the record contains the evidence necessary to support their arguments on appeal." *Levine v. March*, 266 S.W.3d 426, 439 (Tenn. Ct. App. 2007). More particularly, the burden falls on the party asserting error: "it is incumbent upon the appellant to provide a record that is adequate for a meaningful review." *Tanner v. Whiteco, L.P.*, 337 S.W.3d 792, 796 (Tenn. Ct. App. 2010) (emphasis added). Where no transcript and no proper statement of the evidence is filed, this

court "will presume the evidence presented at trial supports the trial court's decision." *Harrison v. Harrison*, 643 S.W.3d 376, 384 (Tenn. Ct. App. 2021) (quoting *In re Estate of Vaughn*, 615 S.W.3d 133, 142 (Tenn. Ct. App. 2020)); *see Tanner*, 337 S.W.3d at 796 ("As this Court has often stated, 'in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.'") (quoting *In re Rockwell*, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983)). Without an appellate record containing the facts, this court cannot review whether the evidence preponderates against the trial court's findings and assumes that the record would support the trial court's decision. *Harrison*, 643 S.W.3d at 384 (citing *Aibangbee v. Aibangbee*, No. M2005-02598-COA-R3-CV, 2007 WL 1202409, at *2 (Tenn. Ct. App. Apr. 20, 2007)).

In the instant case, the statement of evidence is not certified as an accurate account of the proceedings, and it contains no certificate of service indicating that it was served on Husband. No proof of service was filed with the clerk of the trial court, and there is no basis in this record to support a conclusion that this statement of evidence was served upon Husband. Wife's filing did not follow the requirements of Rule 24(c) and is not a proper statement of evidence under Rule 24(c). Wife's description of the facts and circumstances "mirrors [her] version of the facts as stated in [her] pleadings and is not a recounting of the evidence presented at trial." *Huron v. Kruglyak*, No. E2022-01812-COA-R3-CV, 2024 WL 1256449, at *8 (Tenn. Ct. App. Mar. 25, 2024). Here, the record is simply inadequate to allow for this court to meaningfully conduct the review that Wife seeks. Having reviewed the trial court's findings, we find no abuse of discretion regarding the challenged rulings and affirm the decision of the trial court.

## V. CONCLUSION

The judgment of the trial court is affirmed in all respects. This matter is remanded with costs of appeal assessed against the appellant, Kathy Diane Barker Compton.

s/John W. McClarty

_____

JOHN W. MCCLARTY, JUDGE